[S. F. No. 677.   Department Two.—September 23, 1897.]

## H. B. MEYERS et al., Respondents, v. R. P. MERILLION, Appellant.

ACTION TO ENJOIN BREACH OF CONTRACT—SALE OF BUSINESS AND GOODWILL BY RETIRING PARTNER—AGREEMENT NOT TO COMPETE—CROSS-COMPLAINT—DEMURRER—FRAUD—CONCEALMENT OF COMBINATION—TRUST AND MONOPOLY—RESCISSION.—In an action brought by the members of a succeeding firm to enjoin a breach of a contract made by the retiring partner of a former firm upon the sale of his interest in the partnership property and goodwill of the business to his copartner, one of the plaintiffs, in which he agreed that he would not establish, carry on, or conduct or maintain or act as agent for a like business, within the city and county, for a period of three years, a cross-complaint charging fraud in such sale committed by the purchasing partner, in the concealment of a combination, trust, and monopoly of the business effected by him with the other plaintiffs prior to the sale, which enhanced the value of the interest sold to the extent of seven thousand five hundred dollars, that the plaintiff thereby received more money for the partnership property when conveyed to the combination than he could otherwise obtain, and that all of the plaintiffs were aware of and took part in the fraud practiced upon cross-complainant, and praying for a rescission of the sale, and restitution of his rights as a partner in the former firm, and for the appointment of a receiver of the partnership property, is insufficient, and states no ground for relief, and a general demurrer thereto is properly sustained.

ID.—ILLEGALITY OF TRUSTS AND MONOPOLIES—SHARE IN GAINS NOT RECOVERABLE—INSUFFICIENT PLEADING.—Trusts and monopolies which design to control the prices of commodities are illegal as restraining freedom of trade, and destroying competition; and a pleading which seeks to

share in the gains of an illegal trust and monopoly by averring that property sold by the pleader was enhanced in value by reason of the existence thereof, and that the pleader was deprived of such enhanced value by fraudulent concealment thereof by the purchaser, is devoid of merit, either as a ground of defense or of affirmative relief.

ID.—PARTICIPATION BY PLAINTIFFS OWING NO DUTY TO DEFENDANT—IMPROPER CHARGE OF FRAUD.—The formation by defendant's former partner of a combination to control business and increase prices, made with the other plaintiffs, who owed no duty to the defendant, and were not bound to disclose to him any of their present or prospective business ventures, cannot justify a charge that the other plaintiffs participated in the alleged fraud of such former partner, in concealing the existence of such combination, and such charge, as against them, falls to the ground of its own weight.

ID.—RIGHTS OF THIRD PARTIES—RESCISSION NOT PERMISSIBLE—DAMAGES FOR FRAUD.—Where the rights of third parties have intervened, and the circumstances of the parties to an alleged fraud have so far changed that rescission therefor may not be decreed without injury to such third parties and to their rights, rescission will be denied, and the complaining party left to his action at law for damages for the fraud.

ID.—SALE OF GOODWILL OF BUSINESS · CONTRACT IN RESTRAINT OF TRADE—INHIBITION AS TO AGENCY—CONSTRUCTION OF CODE.—An inhibition as to agency for others in a contract by one who has sold the goodwill of a business, engaging not to carry on a like business, or to act as agent in so doing, is within the provision of the code permitting a contract in restraint of trade to go to the carrying on of a similar business in such case; and the language of the code is to receive a reasonable construction, so as to effect the end for which the legislature says such contracts may be made, and to give reasonable protection to him in whose favor such a contract is executed, and the code provision as to the carrying on of a similar business is not to be limited to the carrying of it on as owner or proprietor, but is equally inclusive of the conduct of it, wholly or in part, as the agent of another.

ID.—CONSTRUCTION OF CONTRACT AND DECREE AS TO AGENCY—CONDUCT OF BUSINESS AS AGENT.—An inhibition of agency in a contract not to establish, carry on, conduct, or maintain a rival business, or act as agent therefor, for a period of three years, and a decree enforcing such contract according to its terms, are to be construed as prohibiting only an agency wholly or partially for the conduct of the business, and not as prohibiting employment as a mere servant or clerk, though such employment may fall within the more enlarged meaning of agency as a general term.

ID.—INJUNCTION—FORM OF DECREE.—A decree enjoining breach of such contract should not purport to enjoin the carrying on of the rival business for the space of three years from the date of the contract, "or so long as plaintiffs, or any one deriving title to the goodwill of the business, carry on said business, " but it should read: "So long as plaintiffs, or any one deriving title to their business, shall carry on said business, not exceeding three years," from the date of the contract.

ID.—SUCCESSION TO GOODWILL OF BUSINESS—DENIAL IN ANSWER—DEMURRER—ADMISSION IN CROSS-COMPLAINT NOT A WAIVER.—A denial in the answer

of an averment in the complaint that plaintiffs had succeeded to the goodwill of the business sold by the defendant to his copartners, presents an issue material to plaintiffs' cause of action for breach of defendant's contract not to carry on a rival business, nor is the denial in the answer waived or overcome by an averment of that fact in defendant's cross-complaint; and it is error to sustain a demurrer to such answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Thomas F. Barry, for Appellant.

Daniel Titus, for Respondents.

HENSHAW, J.—Plaintiffs averred that they are copartners engaged in the business of box manufacturing. In October, 1895, the then existing firm of Meyers, Merillion & Co. was engaged in the same business. The latter firm consisted of the plaintiff Meyers and the defendant Merillion. By agreement of the partners this firm was dissolved, Meyers buying Merillion's interest in the property and in the goodwill of the business under a written agreement in part as follows: "And in consideration of the payment to me of the foregoing sum, and as part of the consideration for such payment, I do hereby agree with the party of the second part that I will not establish, carry on, conduct, or maintain a box business in the city and county of San Francisco, California, or act as agent, for the period of three years from and after the date of these presents."

Thereafter plaintiffs entered into partnership and became and are the successors in interest in the business and goodwill of the firm of Meyers, Merillion & Co. Notwithstanding his agreement, defendant is engaged in erecting a box factory in the city of San Francisco, and, unless restrained, will engage in the business of manufacturing and selling boxes. The prayer asked for an injunction.

Defendant met this pleading by answer and cross-complaint. In his answer, after certain denials, he set up fraud in avoidance of his contract. By his cross-complaint he charged the same matters of fraud by reason of which he was induced to part with his interest in the partnership and goodwill of the business for

the sum of seventeen thousand five hundred dollars, when the true value of his interest at the time was twenty-five thousand dollars. He prayed for a decree in rescission, for a receiver, and for a re-establishment of himself as a partner upon return of the seventeen thousand five hundred dollars.

The court sustained general demurrers, both to the answer and to the cross-complaint, and upon entry of its decree for plaintiffs defendant appealed.

The fraud charged is as follows: Before the date of defendant's sale of his interest his partner, plaintiff Meyers, had been negotiating with Williams and Carrick (who at that time were partners engaged in a like business,) to effect "a trust, combine, and monopoly of the business in the city and county of San Francisco." He did effect this trust, combine, and monopoly before the date of the sale and dissolution, but concealed the fact from defendant. Because of the combine, trust, and monopoly defendant's interest was worth twenty-five thousand dollars instead of seventeen thousand five hundred dollars. "In pursuance of the said fraud, conspiracy, trust, and combine" the copartnership of plaintiffs was formed, and by reason of the fraud and combine, trust, and monopoly, Meyers received more money for the partnership property of Meyers, Merillion & Co. when conveyed to the combine than he could otherwise have obtained. "Plaintiffs Carrick and Williams were well aware of and took part in the fraud practiced upon cross-complainant."

Upon such charges of fraud it is at once apparent that the demurrer to the cross-complaint was properly sustained. Merillion's pleading admits that he received full value for his property, saving as that value was enhanced by an unlawful conspiracy between the plaintiffs to effect a combine, trust, and monopoly of the business. His request, then, simply is that he should be allowed to share the spoils garnered under this unholy alliance. The merits of this claim are no better than they would be had he averred that these plaintiffs designed to steal and use some valuable patent, and, having succeeded in the theft, had thus greatly increased the value of the business, in which increase of value he was entitled to share because his former partner was in the conspiracy. Appellant does not contend that trusts and monopolies which design to control the prices of commodities

are not illegal as restraining freedom of trade and destroying competition (*Mill and Lumber Co. v. Hayes,* 76 Cal. 387; *Vulcan Powder Co. v. Powder Co.,* 96 Cal. 510), but he insists that the combine here pleaded is such as was declared legal in *Herriman v. Menzies,* 115 Cal. 16. The cases are in all essentials dissimilar. In the Menzies case it was held that the contract was not illegal, for it was not shown that it was designed to or did effect a control of business to an extent enabling the contracting firms to exclude competition or control the prices of the commodity. In the present case it is averred that the parties "effected a combine, trust and monopoly." A monopoly is discussed and defined in the Menzies case; so what is here pleaded is not only an illegal contract for a monopoly, but the successful operation of the illegal monopoly itself.

But there are other and independent considerations equally destructive of appellant's right to prosecute this cross-complaint. The charge is the formation by his partner of a combine with Williams and Carrick to control business and increase prices, and the fraud consists in the concealment by the partner of a fact within his knowledge, which in good faith he was bound to disclose, and which enhanced the value of Merillion's interest. It is charged that all three participated in the fraud. How Williams and Carrick could have done so is not made to appear. They were not partners of defendant. They owed him no duty. They certainly were not bound to disclose to him any of their present or prospective business ventures. So far as the charge of fraud against them is concerned, it falls to the ground of its own weight. (*Russell v. Clark,* 7 Cranch, 92.) Where the rights of others have intervened, and the circumstances have so far changed that rescission may not be decreed without injury to those parties and their rights, rescission will be denied and the complaining party left to his action at law for damages for the fraud. (Story on Contracts, sec. 977; Bishop on Contracts, sec. 679; 2 Parsons on Contracts, 782; Beach on Contracts, sec. 789, et seq; Pomeroy's Equity Jurisprudence, secs. 221, 303, 914, 1363, 1377; *Mackintosh v. Tracy,* 4 Brewst. 59.)

Here Merillion asks that a new partnership, of which he was never a member, and which contains at least two members

against whom he has no legal grievance, should be dissolved and its property turned over to a receiver in order that a defunct partnership may be revived and he be restored to his former position in it. Equity would be slow to grant such relief, particularly under a pleading which shows that full and adequate redress may be obtained at law, for defendant explicitly avers that by reason of the fraud his partner induced him to part with property worth twenty-five thousand dollars for the sum of seventeen thousand five hundred dollars. The difference, seven thousand five hundred dollars, is then the amount of his damage. If he has a cause of action it is against Meyers alone, and he can be adequately compensated in an action at law based on the fraud and claiming damages in the sum named.

The charges of fraud in the answer being the same as those we have been considering, it follows that they were not in that pleading sufficient to constitute a defense.

There is left for consideration certain legal objections urged to the validity of the contract and of the decree based upon its terms. Upon this subject the first point of attack is against the language of the contract carried into the decree by which defendant engages not to carry on a like business, or to act as agent for any one so doing. It is contended that the inhibition as to agency is without the provisions of the code which permit a contract in restraint of trade to go only to the conduct of a similar business. (Civ. Code, secs. 1673-75.) But the language of the code is to receive a reasonable construction so as to effect the end for which the legislature says such contracts may be made, and to give reasonable protection to him in whose favor such a contract is executed. In High on Injunctions, section 1177, it is said: "Where, however, one agrees that he will not directly or indirectly, either alone or in partnership, with or without the assistance of any other person, set up or follow or practice a particular business, he is regarded as violating his covenant by conducting the business in the capacity of assistant or manager to another person." And this proposition will be found fully supported by the authorities.

While contracts of this nature receive strict construction, yet in construing them their legitimate aim and end are not to be lost sight of. They are designed to secure to the business of one

person immunity from rivalry and consequent damage at the hands of another who would be a dangerous competitor by reason of his skill, energy, and popularity. The provisions of the code authorize the execution of a contract by which one agrees not "to carry on" a similar business. It is too narrow a construction to say that this is limited to the carrying on of a business as owner or proprietor. To conduct, manage, or operate it wholly or in part, as the agent of another, is equally within the purpose of the law and the language of the code. By the terms of this contract defendant covenanted not to establish, carry on, conduct, or manage a similar business, either for himself, or as agent for another. It is true that agency is a general term, and that servants and clerks are agents of their employers. But criticism of this contract may not be justified on this account. For it clearly appears that the inhibited agency is an agency wholly or partially for the *conduct* of the business. So understood and so limited in the decree, there is nothing obnoxious to the law in the terms of this contract, a declaration which the following cases will serve to illustrate: *Turner v. Evans*, 2 De Gex, M. & G. 740; *Jones v. Havens*, 4 Ch. Div. 636; *Turner v. Evans*, 2 El. & B. 511; *Finger v. Hahn*, 42 N. J. Eq. 606; *Dalls v. Weaver*, 11 Week. Rep. 993.

The decree enjoins defendant "for the space of three years from the eighth day of October, 1895, or so long as plaintiffs, or anyone deriving title to the goodwill of their business, carry on said business." It should read: "So long as plaintiffs, or anyone deriving title to their business, shall carry on said business, not exceeding three years from the eighth day of October." (*City Carpet Beating etc. Works v. Jones*, 102 Cal. 506.)

One other point demands consideration. In his answer defendant denied that the plaintiffs had succeeded to the interest in the goodwill of the business which had passed to Meyers. The establishment of this fact was material to plaintiff's cause of action, for, if they had not so succeeded, this was a perfect defense to their action. Issue being joined upon this material averment, it was error for the court to sustain the general demurrer upon the ground that the answer pleaded no defense. It is not improbable that the trial court was misled by an averment in the cross-complaint of the existence of this very partnership of

plaintiffs as the successor to the interest of Meyers, but this averment, though inconsistent with the denial of the answer, cannot be used to destroy its effect. As in separate defenses a denial in one is not waived by an admission of the same matter in another (*Billings v. Drew,* 52 Cal. 565; *Miles v. Woodward,* 115 Cal. 308), so here the denial of the answer is not waived or overcome by an averment in the cross-complaint of substantially the same facts as those which the answer denies.

For this reason, therefore, the judgment must be reversed.

It is, therefore, ordered that the judgment entered upon demurrer to the cross-complaint be affirmed, and that the judgment upon demurrer to the answer be reversed, and the cause remanded, with directions to the court to overrule that demurrer and proceed to trial upon the single issue above indicated.

Temple, J., and McFarland, J., concurred.