## Pittsburg Stove & Range Company *v.* Pennsylvania Stove Company.

|     |       |
|-----|-------|
|     | 37    |
| 208 | ₃363\ |
| 212 |       |
| 208 | 37\   |
| 216 | ³181\ |

*Contract—Agreement in restraint of trade—Consideration.*

A contract in partial restraint of trade must, like any other contract, have a consideration to support it. A valuable consideration, however, is sufficient. The law does not impose upon a party seeking to enforce such contract the duty of showing that the consideration is adequate in point of actual value. If the consideration is stock of a corporation, valuable at the time, the fact that the stock subsequently depreciated in value is immaterial.                                                                    ʼ

*Contract—Agreement in restraint of trade—Breach of agreement—Engaging in similar business.*

Where a person in selling out his business to another agrees for a period of five years not to engage in a similar business in three states named, but subsequently becomes the president of a corporation engaged in a similar business, and in that capacity assists in manufacturing and selling the products of the corporation, he may be enjoined from continuing such occupation at the instance of the person to whom he sold his former business. The purpose of the contract between the parties was to protect the vendee against the capital as well as the skill and experience of the vendor in a competing business.

*Equity—Equity practice—Findings of fact and conclusions of law.*

While a judge in an equity case is required to answer specifically requests for findings of both fact and law, he should also find and state in connected and paragraphic form by separate and numbered clauses his findings of fact and conclusions of law.

Argued Nov. 10, 1903. Appeal, No. 185, Oct. T., 1903, by Lyman W. DeHaven, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 800, on bill in equity in case of Pittsburg Stove & Range Company v. Pennsylvania Stove Company, Lyman W. DeHaven & Addison C. DeHaven. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction. Before McFARLANE, J.

The facts are stated in the opinion of the Supreme Court.

The court entered the following decree:

1. That the plaintiff's bill be dismissed as to Addison C. DeHaven.

2. That the plaintiff's bill be dismissed as to the Pennsylvania Stove Company, at the cost of the plaintiff.

3. That Lyman W. DeHaven be and he is hereby restrained and enjoined from engaging or continuing to engage in the business of manufacturing or selling stoves, ranges, furnaces, heating appliances and kindred manufactures as an employee of the Pennsylvania Stove Company, or otherwise, at Ellwood city, Lawrence county, Pennsylvania, or elsewhere in the state of Pennsylvania, for a period of five years from September 1, 1899, and that the said Lyman W. DeHaven pay one half of the costs.

Lyman W. DeHaven appealed.

*Error assigned* was the decree of the court.

*Walter Lyon*, with him *Charles H. McKee* and *H. Walton Mitchell*, for appellant.—There is at this day no dispute regarding the fact that a contract in restraint of trade such as the one sought to be enforced, is void unless founded upon a good and sufficient consideration: Cleaver v. Lenhart, 182 Pa. 285; Harkinson's App., 78 Pa. 196.

Admitting for the purpose of the argument that the contract was supported by sufficient consideration and is valid, we submit that the plaintiff has not shown a violation of the contract by Lyman W. DeHaven.

*W. M. Lindsay*, with him *A. M. Neeper*, for appellee.—The contract is in partial restraint of trade, and is for a limited time, within a limited territory. It is, therefore, valid and not against public policy, and an injunction will issue to restrain the violation thereof: Keeler v. Taylor, 53 Pa. 467; Gompers v. Rochester, 56 Pa. 194; McClurg's Appeal, 58 Pa. 51; Hall's Appeal, 60 Pa. 458; Harkinson's Appeal, 78 Pa. 196; Smith's Appeal, 113 Pa. 579; Patterson v. Glassmire, 166 Pa. 230; Cooper v. Edeburn, 198 Pa. 229; Ewing v. Wilcox, etc., Sewing Machine Co., 9 W. N. C. 272.

The restriction contained in the contract is a reasonable one, in view of the extent of the trade of the appellee, and is reasonably necessary for the protection of its business: McClurg's Appeal, 58 Pa. 51; Smith's Appeal, 113 Pa. 579; Diamond

Match Co. v. Roeber, 106 N. Y. 473 (13 N. E. Repr. 419); Anchor Electric Co. v. Hanks, 41 L. R. A. 189.

Though the consideration need not be adequate to the promise, it must not be illusory or unreal; some real benefit must be conferred on the promisor, or some real detriment suffered by the promisee : Clark on Contracts, p. 164.

If the consideration of a contract be sufficient, its adequacy is generally immaterial: Harlan v. Harlan, 20 Pa. 303 ; Hind v. Holdship, 2 Watts, 104.

Failure of consideration does not include a bad bargain, nor does it mean that the property was not worth the price paid, but rather that the subject-matter of the contract did not exist: Scully v. Miller, 29 Legal Int. 230 ; Eagan v. Call, 34 Pa. 236 ; Riegel v. American Life Ins. Co., 153 Pa. 134; Oakford v. Nixon, 177 Pa. 76.

And the courts will not inquire into the adequacy of the consideration, in enforcing contracts in partial restraint of trade : Smith's Appeal, 113 Pa. 579 ; McClurg's Appeal, 58 Pa. 51 ; Palmer v. Graham, 1 Pars. 476.

The vendor of a business has no right to hold himself out, by advertisements or otherwise, as having removed from his former place of business to another place where he will continue his former business: Hall's Appeal, 60 Pa. 458 ; Hires Co. v. Hires, 182 Pa. 346.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904 :

On and prior to September 8, 1899, the appellant and certain other parties, under the partnership name of DeHaven & Company, Limited, were engaged in the business of manufacturing and selling stoves, ranges, furnaces, heating appliances and kindred manufactures.   On that date, DeHaven & Company, Limited, by a written bill of sale, sold to the appellee for the consideration therein mentioned, its personal property, including the good will of the business, also cash, book accounts, etc., and therein agreed as follows: " And in consideration of the purchase of said property by the party of the second part (the appellee), the party of the first part covenants and agrees that for and during the period of five years from the date hereof, L. W. DeHaven, A. C. DeHaven, John A. Rowe, Philip Mowry and Charles W. Goodnough shall not engage, directly or in-

directly, in the business of manufacturing or selling stoves, ranges, furnaces and heating appliances at any place within the states of Pennsylvania, Ohio and West Virginia." Contemporaneously with the bill of sale, the appellant with the other parties referred to, as parties of the first part, entered into a written agreement with the appellee in which it was agreed, inter alia, as follows : " That the said parties of the first part, for and in consideration of the benefits accruing to them from the sale of their interest in DeHaven & Company, Limited, to the Pittsburg Stove & Range Company and the payment by the Pittsburg Stove & Range Company for the consideration of said transfer, do hereby agree to bind themselves, and each of them, not to engage in a business similar to the business now or hereafter carried on by the Pittsburg Stove & Range Company relating to the manufacture and selling of stoves, ranges, furnaces and kindred manufactures for a period of five years from September 1, 1899, in the states of Pennsylvania, Ohio and West Virginia."

The appellee filed a bill in the court below alleging that the appellants, Addison C. DeHaven and John A. Rowe, were violating their covenants not to engage in the business of manufacturing and selling stoves, etc., and praying the court to enjoin them from continuing in the business for the period of five years from September 1, 1899. The injunction was granted as prayed for against Lyman W. DeHaven, the appellant, but was refused as to the other defendants.

It is conceded that the contract in question is reasonable as to time and territory, but the appellant resists the right of the plaintiff to have an injunction against him on two grounds : 1. The contract was not founded upon a sufficient consideration, and 2. The appellant is not shown to have violated the contract.

1. A contract in partial restraint of trade must, like any other contract, have a consideration to support it. A valuable consideration, however, is sufficient. The law does not impose upon a party seeking to enforce such a contract the duty of showing that the consideration is adequate. As is well said by ROGERS, J., in Hind v. Holdship, 2 Watts, 104 : " It is not essential that consideration should be adequate in point of actual value. The law does not weigh the quantum of con-

sideration, having no means of deciding on that matter; and it would be unwise to interfere with the facility of contracting, and the free exercise of the judgment and will of the parties. The law allows them to be the sole judges of the benefits to be derived from their bargains, provided there be no incompetency to contract, and the agreement violates no rule of law." In McClurg's Appeal, 58 Pa. 51, SHARSWOOD, J., delivering the opinion, quotes approvingly from the opinion of TINDAL, C. J., in Hitchcock v. Coker, 6 Ad. & Ellis, 438, as follows: "If there is no consideration, or a consideration of no real value, the contract in restraint of trade, which in itself is never favored in law, must either be a fraud upon the rights of the party restrained or a mere voluntary contract, nudum pactum, and therefore void. But if by adequacy of consideration, more is intended, and that the court must weigh whether the consideration is equal in value to that which the party gives up or loses by the restraint under which he has placed himself, we feel ourselves bound to differ from that doctrine. A duty would thereby be imposed upon the court, in every particular case, which it has no means whatever to execute. It is impossible for the court, looking at the record, to say whether in any particular case, the party restrained has made an improvident bargain or not." The rule thus announced by Chief Justice TINDAL has been recognized and adopted by other American courts. "Where a consideration, recognized by law as being valuable, is paid," says CHRISTIANCY, C. J., in Hubbard v. Miller, (Mich.) 15 Am. Rep. 153, "the law very properly allows the parties to judge for themselves of the sufficiency in value of such consideration for their contracts. We cannot, therefore, enter into the question whether the consideration was commensurate in value with the restraint imposed." In the comparatively recent case in Alabama of McCurry v. Gibson, 54 Am. St. Rep. 177, HEAD, J., speaking for the court, says: "It was at an early day supposed that the consideration in such cases must be adequate ; that is, equal in value to the restraint imposed ; but this idea has been exploded ever since the decision in Hitchcock v. Coker, 6 Ad. & E. 438, which has been repeatedly approved and followed." It is also held in numerous cases that the sale of a business is sufficient consideration for the covenant restraining the vendor from the future exercise

of his trade, and that any consideration beyond this is not necessary: 24 Am. & Eng. Ency. of Law (2d ed.), 853. And in McMurray v. Gibson, supra, the court says : " It is settled by the authorities that the purchase by one party of the property and good will of the business of another furnishes a sufficient consideration for an agreement by the latter, in enhancement of the value of the good will, not to compete with him in the conduct of the business."

These authorities dispose of the question of consideration in the present case. Here the appellee purchased the property and good will of the business from the appellant, who covenanted in the contract not to engage in the business again for a period of five years. The validity of the agreement is not attacked on the ground of fraud, accident or mistake. By his answer it appears that the appellant unquestionably received a valuable consideration as an inducement for entering into the contract. He admits that he received dividends on certain stocks received by him from the appellee, as a consideration for entering into the agreement, but says that the stock " would not sell in the market at the present time for over twenty-five thousand dollars." This shows a valuable consideration for which the appellant sold. the property and good will of the business and agreed not to engage in the business again. It may be, as the answer alleges, that the consideration was, or has become, inadequate by reason of the depreciation of the stocks received by the appellant ; but, if true, it does not justify him in violating his contract. Because of the inadequacy of the consideration he has received his bargain may be a hard one, but the law does not regard that as a sufficient reason why he should refuse to perform it. As tersely put by BLACK, J., in Harris v. Tyson, 24 Pa. 347, every man must bear the loss of a bad bargain legally and honestly made.

2. It is strenuously insisted by the appellant that he is not engaged in business in violation of his contract with the appellee. The Pennsylvania Stove Company was incorporated under the laws of this state on September 5, 1901, and is engaged. at Elwood, in Lawrence county, in the business of manufacturing stoves, ranges, furnaces and kindred manufactures, and in selling the product of its manufacture in this and other states. The business of this company is the same as

that of the appellee company, incorporated August 31, 1899, which purchased and is carrying on the business of DeHaven & Company, Limited. It therefore appears that the Pennsylvania Stove Company and the Pittsburg Stove & Range Company, the appellee, are both corporations of this state and competitors in the same business. The court below found that the Pennsylvania Stove Company was using the name " DeHaven " in its business, was selling stoves marked with the name " DeHaven," and its officers were holding themselves out to the public in connection with the trade name, " De-Haven," as successors to DeHaven & Company, Limited. Lyman W. DeHaven, the appellant, was the president of this company in March, 1902, and in his answer says : " About the beginning of the present year (1902) I became employed by the Pennsylvania Stove Company at a salary of $1,500 per year. . . . My duties in said company are not confined to Pennsylvania, West Virginia and Ohio, but I have been selling stoves for said company in Chicago and other points in the west." Under these and other facts, the court below found, as we think, properly, that the appellant " was an employee of the Pennsylvania Stove Company, receiving a salary, and as such employee is engaged in the business of manufacturing ranges, stoves and similar articles, at Elwood City, Pennsylvania, a business similar to that carried on by the plaintiff." As shown by his answer, he was also engaged in selling the articles manufactured by the Pennsylvania Stove Company.

A contract in partial restraint of trade will be sustained when it is confined in its operation to affording a fair protection to the interests of the party in whose favor it is made. It is then held to be reasonable and not in conflict with the interests of the public. Of course, it cannot be denied that the Pennsylvania Stove Company was engaged in a business similar to that of the plaintiff. That must be conceded. It carries on its business by its employees. Presumably they are selected by their employer by reason of their special fitness for the respective positions they fill in the service. In this way the business is carried on in competition with others engaged in similar business. The appellant, as is clearly disclosed by the evidence, not only assists in the manufacture of the arti-

cles made by the Pennsylvania Stove Company but also in their sale in this and other states. These articles are made specially valuable by being marked by the name "DeHaven" and as having been formerly made and sold by DeHaven & Company, Limited, whose business and good will are the property of the appellee. He is therefore employed in a business similar to that of the plaintiff. His name and his former connection with the business of DeHaven & Company, Limited, give him exceptional advantages in carrying on the business of his present employer in competition with the business of the plaintiff. It is apparent, therefore, that it is immaterial, so far as it affects the appellee and its business, whether the appellant is an officer or stockholder of the competing company, or whether he is an employee whose duties require him to assist in the manufacture and sale of the goods. The purpose of the contract between the parties was to protect the appellee against the capital as well as the skill and experience of the appellant in a competing business. If his contention is sustained, however, and he is permitted as an employee to assist the Pennsylvania Stove Company to manufacture and sell the articles manufactured and sold by his former company under the circumstances and in the way disclosed by the evidence, he is in a position to aid competition in the business, thereby injuring the appellee's business, as effectually as if he were an officer or stockholder in the competing company or was carrying on the business himself. In view of the manifest purpose of the agreement, it is therefore reasonable to conclude that in entering into the contract under the circumstances disclosed by the evidence, the parties intended that the appellant should not only not employ his capital in a like enterprise but should not employ his skill and experience in any capacity whatever in a business similar to that of the appellee company.

The practice of the learned trial judge in stating his findings of fact and conclusions of law is not in accordance with good equity practice. While the judge is required to answer specifically requests for findings of both fact and law, he should also find and state in connected and paragraphic form his findings of fact and conclusions of law. As said by the court in Schmidt v. Baizley, 184 Pa. 527, it is the usual practice in cases of this character for the court to express its findings in

separate and numbered clauses so as to present each one independently and distinctly.

The assignments of error are overruled and the decree is affirmed.