MORRIS SALZMAN, Appellant, *v.* SIGMUND SIEGELMAN and MYER SIEGELMAN, Respondents.

*Agreement by a retiring partner not to engage in a similar business — it is not violated by his loaning money to one engaged in such business.*

*Semble,* that where one of two copartners purchases the interest of his copartner in the firm business, upon the latter's agreement that he will not directly or indirectly engage in a similar business to that theretofore carried on by the firm in any place within the State of New York where the then existing firm has its stores, the mere fact that the vendor partner loans money to a person who engages in business in competition with the vendee partner does not constitute a breach of the agreement.

APPEAL by the plaintiff, Morris Salzman, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of October, 1904, denying the plaintiff's motion for an injunction *pendente lite* restraining the defendants from doing the precise acts to restrain which the action was brought.

*George E. Blackwell,* for the appellant.

*Robert H. Wilson,* for the respondents.

MILLER, J. :

The plaintiff and defendant Sigmund Siegelman, copartners, entered into a dissolution agreement by which the plaintiff purchased the interest of said defendant, who agreed that he would not

directly or indirectly engage in a similar business to that theretofore carried on by said firm in any place within the State of New York where said firm then had its stores. Thereafter a competing business was established in the city of Syracuse under the name of Myer Siegelman Company which said defendant claims is owned and conducted exclusively by his son, the defendant Myer Siegelman, but the plaintiff, alleging that said business is being conducted by both defendants in violation of the agreement of Sigmund Siegelman and that they threaten and intend to establish similar competing business in other cities where the plaintiff has stores in like violation of said agreement, brings this action to restrain both defendants from continuing the business so established and from further engaging in similar business in said places, and now seeks to obtain *pendente lite* the injunctive relief demanded in the complaint. The order appealed from denies the motion so far as it seeks to restrain the defendant Myer Siegelman from conducting or engaging in said business, but does restrain the defendant Sigmund Siegelman from directly or indirectly assisting him in the conduct thereof except to the extent of loaning him money.

There is respectable authority for the proposition that the mere loaning of money to a competitor is not a breach of an agreement similar to the one involved here. (*Bird* v. *Lake*, 1 Hem. & Mill. 338.) Of course the defendant Sigmund Siegelman cannot use his son as an instrument by which to violate his contract, but there is a sharp conflict as to the relation of said defendant to the business conducted in the name of his son ; so far as the patent facts disclosed by the record are concerned the plaintiff has been granted the relief asked for ; the matters in dispute can best be determined by a trial of the action, and we are of the opinion that instead of asking this court upon affidavits to interfere with the determination of the Special Term the plaintiff should seek an early trial of the issues upon which his right to injunctive relief depends.

The order should be affirmed, with ten dollars costs and disbursements.

BARTLETT, WOODWARD, JENKS and RICH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.