[Civ. No. 979. Second Appellate District.—May 27, 1911.]

DANIEL JOHNSTON, Doing Business as LOS ANGELES DISTRIBUTING COMPANY, Respondent, v. CALVIN W. BLANCHARD, Appellant.

INJUNCTION—BREACH OF COVENANT NOT TO ENGAGE IN BUSINESS SOLD —SUFFICIENCY OF COMPLAINT.—A complaint in an action to enjoin the defendant from conducting the business of distributing advertising matter in specified cities or territories for advertisers in Los Angeles county, which alleges that the defendant sold said advertisement distributing business and the goodwill thereof, to plaintiff's assignor, and upon such sale, the defendant agreed and covenanted not to engage in like business in said county, and that, in violation of said agreement and covenant, the defendant had engaged in like business in said county, and had been and still is en-

16 Cal. App.—21

gaged in soliciting business from plaintiff's customers, as the result of which acts plaintiff would suffer irreparable damage, states a sufficient cause of action for relief by injunction.

ID.—PURPOSE OF ACTION—ENFORCEMENT OF NEGATIVE COVENANT—EFFECT OF VIOLATION—NECESSARY INVASION OF RIGHTS.—The purpose of the action is the enforcement of a negative covenant, the violation of which must necessarily constitute an invasion of the plaintiff's rights.

ID.—SHOWING OF ACTUAL LOSS OF CUSTOMERS NOT REQUIRED—PROBABLE INJURIOUS RESULT—IRREPARABLE INJURY.—The right of plaintiff to enforce the covenant does not depend upon any showing of the actual loss of plaintiff's customers, since they might, in any event, have discontinued their patronage, but it is sufficient that the facts alleged justify the conclusion of the court therefrom that injury to the plaintiff would probably result from defendant's acts, and that such injury would be irreparable.

ID.—DEPRIVATION OF GOODWILL OF BUSINESS.—The re-entry of the defendant into the actual management of a like business to that which he had sold, with the goodwill thereof, under the agreement and covenant made, would necessarily result in depriving plaintiff of the goodwill of the business purchased, and would hinder and obstruct the plaintiff's successful conduct and management thereof.

ID.—EFFECT OF SOLICITATION OF PLAINTIFF'S CUSTOMERS—BREACH OF IMPLIED WARRANTY—IMPENDING THREAT OF INJURY—WANT OF ADEQUATE REMEDY.—The fact that defendant was actually engaged in soliciting plaintiff's customers was not only a breach of his implied warranty, under section 1776 of the Civil Code, but was also, in effect, an impending threat of injury to the plaintiff, for which the law affords no adequate remedy.

ID.—PROVISION FOR LIQUIDATED DAMAGES FOR BREACH NOT MATERIAL TO RELIEF IN EQUITY UNDER CODE.—The provision in the contract for the forfeiture of five thousand dollars, as liquidated damages for a breach of the covenant, whether it be construed as a penalty for violation of the contract, or as liquidated damages, is not material to relief in equity for the enforcement of the covenant, under the provision of section 3389 of the Civil Code, which authorizes the plaintiff to waive an action at law, and to resort to equity for specific enforcement.

ID.—RIGHTS OF ASSIGNEE OF BUSINESS GOODWILL AND CONTRACT—ENFORCEMENT OF CONTRACT.—The contract and covenant designed to protect the business and goodwill sold is assignable with the business and goodwill, which are both assignable as property, and the contract and covenant so assigned may be enforced in equity by the assignee.

ID.—ABSENCE OF WORD "ASSIGNEE" IN CONTRACT IMMATERIAL IN THIS STATE—ASSIGNABILITY AS PROPERTY.—The fact that the word "as-

signee" does not appear in the contract and covenant cannot affect its assignability as "property" with the business and goodwill sold, under the law of this state, which contains no provision prohibiting such assignment. Hence, like other property it may be transferred by the authority of section 1044 of the Civil Code.

ID.—COMPLAINT SHOWING VIOLATION OF COVENANT—MANAGER OF COMPETING BUSINESS.—Although the complaint sets forth the employment of defendant by others, as manager of a like business, and that he, together with his wife and father, owned the business, of which he was made the manager and executive head by his associates in business, it shows that in violation of his covenant defendant "had entered into a similar business to that contracted to be sold."

ID.—DUTY OF COURT TO PREVENT VIOLATION OF SPIRIT OF COVENANT.— It is the duty of the court to prevent the defendant from violating the spirit of his covenant, as well as of its letter.

ID.—JUDGMENT FOR PLAINTIFF—IMPROPER INCLUSION OF "SUCCESSORS OR ASSIGNS"—MODIFICATION.—Although the plaintiff, who derived the goodwill of the business by transfer from one with whom the contract and covenant were properly made, was entitled, under the terms of section 1674 of the Civil Code, to have the contract enforced by judgment for an injunction in his favor, yet such right cannot be extended by the judgment to "his successors or assigns," and a judgment in that form must be ordered modified by the trial court, by striking out those words.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Andrew M. Strong, and E. T. Sherer, for Respondent.

SHAW, J.—Action to enjoin defendant from conducting the business of distributing advertising matter in the county of Los Angeles in violation of the terms of an agreement whereby he covenanted that he would not do so.

Judgment went for plaintiff, from which, and an order denying defendant's motion for a new trial, he prosecutes this appeal.

Defendant and one West were copartners in the city of Los Angeles, and under the firm name and style of Los

Angeles Distributing Company conducted the business of distributing advertising matter for advertisers in the county of Los Angeles. On March 27, 1909, they sold said business, together with the goodwill thereof, to one W. W. Lee, and at the same time entered into a contract and agreement which contained a provision as follows: "It is further agreed that said parties of the first part (Blanchard and West) will not enter into a similar business such as the one contracted to be sold under this agreement, in any of the cities or territories above mentioned, for a period of thirty (30) years from the date of these presents, and on violation of this provision it is agreed by and between the parties of the first part and the party of the second part that they shall forfeit to the party of the second part the sum of five thousand dollars ($5,000) as liquidated damages for the violation of this agreement." On July 2, 1909, Lee, by an instrument in writing, sold, transferred and assigned all his right, title and interest in said contract and the subject matter thereof and transferred the business to plaintiff. Plaintiff entered upon and continued in conducting the advertising business and the distributing of advertising matter so purchased by Lee from Blanchard and West and by Lee assigned to him. The complaint alleges that Blanchard, the defendant, notwithstanding his contract, did, a few months after making said agreement, enter into a similar business to the one sold to Lee, and at the time of the instituting of the suit he was engaged in conducting an advertising distributing business in the city of Los Angeles.

The only point argued by appellant is the sufficiency of the complaint tested by a general demurrer, which was overruled.

1. It is urged that the complaint fails to allege a breach of the contract. We are unable to perceive any merit in this contention. It clearly appears that defendant, in violation of the terms of his agreement, was at the time of filing the complaint engaged in a like business in the county of Los Angeles, and was engaged in soliciting the distribution of advertising matter from advertisers in said county, and soliciting business from the customers of plaintiff, as a result of which acts it was alleged he would suffer irreparable damage. The purpose of the action was to specifically enforce a nega-

tive covenant, the violation of which must necessarily constitute an invasion of plaintiff's rights. The specific point urged by appellant is that it is not alleged that defendant has succeeded in securing any of plaintiff's customers. In such case as this, the right to enforce a covenant does not depend upon a showing of the actual loss of customers who might in any event have discontinued their patronage, but upon the conclusion of the court, justified by the facts alleged, that injury to plaintiff would very probably result from defendant's acts, and that such injury would be irreparable. The re-entry of defendant in the active management of a business in Los Angeles county of like character to that which he had sold would necessarily result in depriving plaintiff of the goodwill of the business purchased and hinder and obstruct the latter's successful conduct and management thereof. That defendant was actually engaged in soliciting plaintiff's customers was not only a breach of his implied warranty (Civ. Code, sec. 1776), but, in effect, an impending threat of injury to the latter, for which injury, inconvenience and perplexity the law afforded no adequate remedy. The facts alleged are ample to show, not only a breach of the contract, but that plaintiff would by reason of a continuance thereof be irreparably damaged.

2. The contract contained a clause to the effect that, in case of a violation of the provision whereby defendant agreed that he would not engage in a like business to that sold, he should forfeit to plaintiff's assignor $500 as liquidated damages. Appellant contends that plaintiff was limited in his rights to an action at law to recover the sum specified in the contract as liquidated damages. From our point of view, it is unnecessary to determine whether the amount specified in the contract should be deemed liquidated damages or a penalty exacted for violation of the contract, in which latter case, but not the former, it is conceded the remedy by injunction would lie. It is likewise unnecessary to discuss or attempt to distinguish the numerous authorities cited by appellant in support of his contention. Whatever may be the law elsewhere, the question, so far as this state is concerned, is concluded by the code. Section 3389, Civil Code, provides: "A contract otherwise proper to be specifically enforced, may be thus enforced, though a penalty

is imposed, or the damages are liquidated for its breach, and the party in default is willing to pay the same.'' Under the provisions of this section it is, therefore, immaterial whether the sum specified in the contract be regarded as liquidated damages or as a penalty, for in either case the plaintiff had a right to waive an action at law and resort to equity for specific performance. (*Glock* v. *Howard etc. Co.*, 123 Cal. 9, [69 Am. St. Rep. 17, 55 Pac. 713, 43 L. R. A. 199].)

3. The suit was instituted by plaintiff, to whom Lee, the purchaser from defendant, had sold, transferred and assigned the business and contract, the breach of which is made the subject of the action. Appellant contends that such transfer and assignment imposed no obligation upon defendant enforceable at the suit of such assignee, for the reason that the word ''assignee'' does not appear to have been inserted in the contract; in other words, that the rights acquired by Lee under defendant's covenant were not subject to assignment. The courts have repeatedly held to the contrary, where the assignment, as here, was made in connection with the business it was designed to protect and transferred with the business. The goodwill of a business is property and, like other property, transferable. (Civ. Code, sec. 993.) We are unable to find any provision of the codes which prohibits such an assignment; hence, like other property, it may be transferred. (Civ. Code, sec. 1044.) In discussing a like question, the court in *Francisco* v. *Smith,* 143 N. Y. 488, [38 N. E. 980], says: ''Such an agreement is a valuable right in connection with the business it was designed to protect, and, going with the business, it may be assigned, and the assignee may enforce it just as the assignor could have enforced it had he retained the business.'' In *Hedge etc. Co.* v. *Lowe,* 47 Iowa, 141, it is said: ''It is urged by appellant that the contract is a personal one and that it cannot be assigned. If the agreement not to engage in the agricultural implement business was of sufficient value to constitute in part an inducement to Vorse to purchase, it must be admitted that it might be equally valuable to a vendee of Vorse. The question here is not whether this agreement may be the subject of transfer in the abstract, but whether it may be transferred with the business to which it originally pertained.'' To the same effect, see 22 Cyc., p. 866; *Up River Ice Co.* v. *Denler,* 114

Mich. 296, [68 Am. St. Rep. 480, 72 N. W. 157] ; *Webster* v. *Buss,* 61 N. H. 40, [60 Am. Rep. 317]. In the event of Lee's death, without assignment, there can be no doubt, we think, that his executor in taking over the business could have enforced the contract in protecting the same, and if this be true, it must follow that Lee's assignee would have the same right. The case of *Hillman* v. *Shannahan,* 4 Or. 163, [18 Am. Rep. 281], cited by appellant, if an authority to the contrary, should not be accepted against the great weight of authority holding otherwise. The action there, however, was to recover liquidated damage upon a bond, conditioned that defendant would not violate his covenant, not, as here, to enforce a covenant, the performance of which was necessary to protect the business.

4. Another ground of objection to the complaint is that it appears therefrom that defendant was not engaged in business on his own account, but merely as the employee of others. It appears that defendant was conducting the business under the name of Rynerson-Blanchard Company, and that he, together with his wife and her father, owned the business, and that he was manager and executive head thereof. The complaint thus clearly shows that defendant had "entered into a similar business to that contracted to be sold." Conceding that he possessed no pecuniary interest in the enterprise, nevertheless, engaging in soliciting business for the Rynerson-Blanchard Company, who was a competitor of plaintiff, was a violation at least of the spirit of his covenant. In the case of *Kramer* v. *Old,* 119 N. C. 1, [56 Am. St. Rep. 650, 25 S. E. 813, 34 L. R. A. 389], the court says: "It is the duty of the court to restrain the contracting parties from violating the spirit as well as the letter of the agreement. Under a fair and just interpretation of its terms, the stipulation meant that the three defendants would not engage in business, so as to bring their skill, names and influence to the aid of any competitor carrying on the same trade within the prohibited limits." (See also, *Richardson* v. *Peacock,* 28 N. J. Eq. 155; *Salzman* v. *Siegelman,* 102 App. Div. 406, 92 N. Y. Supp. 845; *Meyers* v. *Merillion,* 118 Cal. 357, [50 Pac. 662] ; *Pittsburg Co.* v. *Pennsylvania Co.,* 208 Pa. 37, [57 Atl. 77] ; *Whitney* v. *Slayton,* 40 Me. 231.)

5. While appellant does not direct our attention to the fact or make any point thereon, reference to the judgment discloses that it is erroneous in this, that by its terms defendant is enjoined from engaging in or carrying on the business of the distribution of advertising matter in the county of Los Angeles (not exceeding, however, the term specified in the contract) so long as plaintiff, *"or his successors or assignees,"* continue the business of the distribution of advertising matter in Los Angeles county. Section 1674, Civil Code, provides that "one who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein." Under the provisions of this section of the code, plaintiff, who derived his title to the goodwill of the business by a transfer from W. W. Lee, who was the buyer from defendant, is entitled to have the contract enforced for his protection so long as he carries on a like business in the county, but such right cannot be extended to his successors and assigns. It therefore follows that the judgment, in so far as it has reference to the successors and assignees of plaintiff, is unwarranted and to that extent erroneous. As thus indicated, the judgment should therefore be modified. ·

6. No argument is presented in support of a reversal of the order denying the motion for a new trial. It is not improper to say, however, that the motion was made upon a statement which contains no specifications of the particular errors relied upon, and hence, under the provisions of section 659, Code of Civil Procedure, the same must be disregarded. (*De Molera* v. *Martin,* 120 Cal. 544, [52 Pac. 825]; *McLennan* v. *Wilcox,* 126 Cal. 53, [58 Pac. 305].)

The cause is remanded to the trial court, with instructions to modify the judgment by striking therefrom the words "or his successors or assignees," and also striking therefrom the words "or his assignees or successors," and, as thus modified, the judgment and order appealed from are affirmed, at appellant's cost.

Allen, P. J., and James, J., concurred.