[Civ. No. 1964.   First Appellate District.—March 22, 1917.]

## A. F. GRACA, Appellant, v. FRANK RODRIGUES, Respondent.

SALE OF BUSINESS——AGREEMENT TO REFRAIN FROM CARRYING ON SIMILAR BUSINESS—ENFORCEMENT—RIGHTS OF SUCCESSIVE ASSIGNEES.—Under a liberal construction of section 1674 of the Civil Code, which provides that one who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein, the assignee of an assignee of a purchaser of the goodwill of a business is as much entitled to protection under such an agreement as his predecessors in interest, and may maintain an action to enjoin the vendor from violating the agreement.

ID.—GOODWILL OF BUSINESS — SALE AND TRANSFER.—Goodwill is an important and valuable incident to a business which the law recognizes and protects, and it may be sold with the business and assigned through successive transfers without limit.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

A. Q. Lomba, and W. W. Moreland, for Appellant.

Gonsalves & Keller, for Respondent.

KERRIGAN, J.—This is an appeal taken on the judgment-roll from the judgment sustaining the defendant's demurrer

to plaintiff's amended complaint, the order sustaining the demurrer being made without leave to the plaintiff to amend.

The purpose of the action is to restrain the defendant from conducting a grocery business within a certain locality in the city of Oakland, contrary to an express covenant by him not to engage in a like business within that area.   The complaint alleges that the defendant, the original owner of the business, agreed with his immediate covenantees, their executors, administrators, and assigns, not thereafter to open or conduct any other grocery store or grocery business within a certain specified limited area; that thereafter said covenantees sold and transferred the grocery store and the goodwill thereof to one Luz, and assigned and transferred to him the bill of sale and the covenant and agreement just referred to; that Luz on or about February 26, 1916, sold and delivered the said grocery business together with the goodwill thereof to the plaintiff, and assigned and transferred to the plaintiff said bill of sale and agreement of defendant.

It thus appears from the face of the complaint that the plaintiff is the assignee of an assignee of the original covenantee of the defendant; and for this reason the defendant asserts that the complaint fails to state or show a cause of action in the plaintiff.   It is argued in support of the defendant's contention that the action is one to enforce a covenant which is void for the reason that it is in restraint of trade, and does not come within the exception to section 1673 of the Civil Code provided in the section following.   Those two sections read respectively as follows:

"Sec. 1673.   Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void.

"Sec. 1674.   One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein."

It is argued that under the provisions of these sections the limit to which a covenant in restraint of trade can be carried is in favor of a person deriving title directly from the original purchaser.   This position is sustained by the case of *Johnston* v. *Blanchard,* 16 Cal. App. 321, 328, [116 Pac. 973], in which

the court says: ''While the appellant does not direct our attention to the fact or make any point thereon, reference to the judgment discloses that it is erroneous in this: that by its terms defendant is enjoined from engaging in or carrying on the business in the county of Los Angeles . . . so long as plaintiff, 'or his successors or assigns' continue in business.'' After quoting section 1674 of the Civil Code, the court, continuing, says: ''Under the provision of this section of the code plaintiff, who derives his title to the business by transfer from W. W. Lee, who was the buyer from defendant, is entitled to have the contract enforced for his protection so long as he carries on a like business in the county, but such rights cannot be extended to his successors or assigns. . It therefore follows that the judgment in so far as it refers to the successors or assigns of plaintiff is unwarranted, and to that extent erroneous.''

With diffidence and reluctance we disagree with this view of the law. Goodwill is an important and valuable incident to a business which the law recognizes and protects. With a business it may be sold or mortgaged, and is property transferable like other property. (Civ. Code, sec. 993.) A covenant or obligation entered into with a buyer to refrain from engaging in a like business within specified territorial limits is assignable. (*California Steam Nav. Co.* v. *Wright*, 6 Cal. 258, [65 Am. Dec. 511].) Such contract and goodwill are valid when held by the assignee of a purchaser even if no reference is made therein to the successors and assigns of the purchaser. (12 R. C. L. 991.) In *Swanson* v. *Kirby*, 98 Ga. 586, [26 S. E. 71], it appeared that the defendant had sold out his business as a ticket broker to the plaintiff, and had contracted not to open another ticket business in the city of Atlanta without his consent. The purchaser transferred the contract to a third party, who sold the business to another, and the latter entered into partnership with the plaintiff, the original purchaser from the defendant. This partnership was later dissolved and the plaintiff continued in the business alone. It was held that the benefit of the contract not to engage in the ticket business without the consent of the plaintiff passed to the purchaser with each transfer of the business. An examination of the authorities discloses that the law generally provides that the goodwill of a business may be sold with the business and assigned through successive transfers

without limit. We do not believe that the legislature of this state, when enacting section 1674, intended to adopt a different rule. We can conceive of no good reason why it should have done so, or why the assignee of an assignee of a purchaser of the goodwill of a business is not as much entitled to protection as any of his predecessors in interest. We think under a reasonable construction of this section that he is so entitled. It is often said that contracts in restraint of trade should be strictly construed; that they are against public policy, and therefore presumably bad; and that their provisions should not be extended by construction or implication so as to favor persons desiring to enforce them beyond what their terms would clearly require. Perhaps the modern rule is that such contracts should be construed without any adverse bias. (24 Am. & Eng. Ency. of Law, 857; *Herriman* v. *Menzies*, 115 Cal. 16, [56 Am. St. Rep. 82, 35 L. R. A. 318, 44 Pac. 660, 46 Pac. 730].) However that may be, under the contract here in question the defendant, as vendor, did intend to bind himself in favor of his immediate purchaser and the latter's successive transferees; and the only question that we are called upon to consider is whether the parties to the contract under the sections above quoted have the power to so contract. Construing the sections liberally, as required by the code of this state, we think the benefit of the covenant of the contract not to engage in the grocery business within the designated limited area passed to the purchasers with each transfer of the business.

The judgment is reversed, with directions to the trial court to overrule the demurrer and permit the defendant to answer.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1917, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district is denied.

The opinion is in conflict with what was said by the district court of appeal of the second appellate district as to the

proper construction of section 1674 of the Civil Code in *Johnston* v. *Blanchard,* 16 Cal. App., at page 328, [116 Pac. 973], as is shown by the opinion in this case. We are satisfied that the opinion in this case correctly states the law on the point discussed, and that what was said thereon in *Johnston* v. *Blanchard, supra,* must be disapproved.