Nov. Term,
1839.

HUGHES
v.
HOULTON.

---

HUGHES *v.* HOULTON.

In an action of covenant on an express contract contained in the condition of a penal bond, the declaration need not aver the non-payment of the penalty.

The declaration in such case, not professing to describe the contract *in hæc verba*, may set it out according to its legal effect.

*Tuesday,
November* 19.

APPEAL from the *Allen* Circuit Court.

DEWEY, J.—Covenant by *Hughes* against *Houlton*. The declaration alleges that the defendant, by his writing obligatory, bound "himself to the plaintiff for the payment and delivery of the following amounts of good sawed lumber at the mill of the defendant, at the times and for the prices following, to wit, twenty thousand feet of sawed lumber that had been assorted, of one inch in thickness, to be at the average thickness, at the value of one dollar per hundred feet for inch lumber, and for a greater or smaller price according to the thickness of the same, and to be delivered at said mill in the month of *June*, 1832," sixty thousand feet in *March*, 1833, and thirty thousand feet in *March*, 1834. The declaration then avers, that "according to the true intent and meaning, tenor and effect, of the said writing obligatory, the said defendant was bound to deliver to the said plaintiff eleven hundred dollars' worth of sawed lumber," at, &c., on,

&c., and assigns for breach of covenant the non-delivery of the lumber. The defendant craved *oyer*, by which it appeared that the obligation mentioned in the declaration, was a bond in the penalty of 1,200 dollars, dated *April* 11th, 1832, the condition of which contained the following covenant, viz. "the said *Houlton* promises to pay to the said *Hughes* the following sums in the following times and manner, to wit, twenty thousand feet of sawed lumber assorted, inch lumber to be the average, at one dollar per hundred feet, delivered at the mill aforesaid (the defendant's mill) in the month of *June* next," sixty thousand feet in *March*, 1833, and thirty thousand feet in *March*, 1834. The condition then concludes— "now should the said *Houlton* deliver all of the lumber in manner aforesaid, it amounting in all to eleven hundred dollars," then the obligation to be void, &c. The defendant demurred generally to the declaration, the demurrer was sustained, and final judgment rendered for the defendant, from which the plaintiff appeals to this Court.

It is now contended by the appellee that the declaration is bad, because, 1st, There is no averment that the penalty of the bond had not been paid; and 2dly, The covenant described in the declaration is variant from that exhibited on *oyer*.

There is no foundation for either of these objections. This being an action of covenant founded upon an express contract contained in the condition of the bond, the non-payment of the penalty had nothing to do with the plaintiff's right of action, and of course needed not to be averred. *Beasley* v. *Gillespie*, 4 Bibb, 314.

The declaration does not profess to set out the contract upon which it is founded *in hæc verba*, but only its legal import. This, we think, has been substantially done.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer set aside, with costs. Cause remanded, &c.

*H. Cooper*, for the appellant.
*D. H. Colerick* and *W. H. Coombs*, for the appellee.