BLAKESLEE VS. STARRING and others.

EQUITY: TRUST.   *Action to compel conveyance of title obtained in fraud of plaintiff's rights.*

1. A contract for the sale and conveyance of lands, executed by X. to A., was by the latter, for value, assigned to B. Afterwards, A. procured the land to be conveyed to him, by falsely representing to X. that he had never parted with his interest, and that he had lost or mislaid the contract. In an action by B. to set aside the conveyance to A., or to compel him to convey the land to B.: *Held*, that A. cannot be heard to allege that B. had never performed the conditions upon which, by the terms of said contract, the obligation of X. to convey the land depended.

2. Having obtained title to the land from X. in fraud of B.'s rights, A. holds the same as trustee for B.; and the fact that he never agreed to convey the lands to B. is no defense.

APPEAL from the Circuit Court for *Clark* County.

This action was brought to set aside a deed from the *West Wisconsin Railway Company* to the defendant *Henry G. Starring*, or to compel a conveyance of the premises by *Starring* to plaintiff. The complaint alleges a contract between the railroad company and *Starring*, for the sale and purchase of the premises, the assignment of the contract by *Starring* for a valuable consideration to plaintiff, the entry by plaintiff upon the premises under such contract, and valuable improvements made by him thereon; that afterward, *Starring*, by fraudulently representing to the railway company that he had lost or mislaid the contract, obtained a deed from the company to himself, and that he had procured the deed to be recorded, and claimed title in himself by virtue thereof. By the terms of the contract, which was annexed to the complaint, the time for making the several payments thereon was declared to be of the essence thereof. The complaint also showed that plaintiff had failed in making the last payment upon the contract when it became due, which was before the execution of the deed to

*Starring*, but alleged a tender thereof to *Starring*, with a demand that he convey to plaintiff.

Demurrer by defendants *Starring and wife*, on the ground that the complaint did not state a cause of action. Demurrer overruled ; and defendants appealed.

*Ira B. & C. C. Pope*, for appellants, argued that, time being of the essence of the contract, and it having expired by its own limitation before the execution of the deed to *Starring*, plaintiff had lost all rights under it, and the railroad company had a right to convey to defendant or any other person (Fry on Spec. Perf., §§ 656, 708, 709 and 710); that plaintiff, in order to enforce a specific performance of the contract, must allege and prove performance on his part of all its essential terms (Fry on Spec. Perf., §§ 608, 609, 732 and cases there cited ; 6 Wis., 265 ; and 12 id., 382) ; and that the complaint does not allege any contract on the part of *Starring* to convey to the plaintiff, and hence the latter cannot compel a conveyance.

*R. J. McBride*, for respondent :

1. This action is one for relief from fraud, and not for specific performance. The claim, therefore, that, time being of the essence of the contract, it had expired by its own terms, even if true, is no ground of demurrer by the appellants. Moreover, the deed to defendant *Starring* purports to have been executed in pursuance of the contract which had been assigned to plaintiff, and appellants cannot, therefore, be heard to allege that such contract had become void. The appellants, for the purposes of this demurrer, confess the fraud, and that is sufficient to sustain the action and to entitle plaintiff to the relief demanded. 2. Even in an action against the railroad company for specific performance, the fact that the contract had become forfeited, though it might, if true, be a good defense, could be no ground for demurrer, because not apparent on the face of the complaint.

COLE, J. It is argued, in support of the demurrer, that the

plaintiff failed to perform the contract with the railroad company according to its stipulations, and had therefore forefeited all rights under the agreement. The conclusive answer to this objection is, that it does not lie in the mouth of the defendant *Starring* to raise it. That is a matter between the railroad company and the plaintiff, and does not concern *Starring*, who has assigned and transferred the contract. The complaint alleges that he had assigned the land contract to the plaintiff for a valuable consideration, and that he afterwards obtained the title to the real estate from the railroad company by falsely representing that he had never parted with his interest in the land, and had lost or mislaid the agreement. That this was perpetrating a gross fraud upon the rights of the plaintiff, is a proposition which seems to us too plain for argument. For, how can it be claimed that his conduct in obtaining the title to the land under the circumstances set forth in the complaint was fair, just and honorable? He had parted with all interest in the contract, and what right had he afterwards to apply for and receive the deed from the railroad company of land which belonged to his assignee? It is no answer to say that time was of the essence of the contract, and that the company reserved to itself the right to declare it void in case the vendee, or the party claiming through him, should fail to make payments punctually as they became due. This is not an application for a specific performance of the contract, against the railroad company. If it were, a consideration of the rights of the plaintiff under the contract, and whether it had been declared forfeited by the company, would be proper. But this is an action to compel *Starring* to convey the land, the title to which, according to the facts stated, he fraudulently obtained from the company, to the plaintiff, upon such terms as the court may deem equitable and just. We are clearly of the opinion that the plaintiff is entitled to that relief upon the case presented. It is said that *Starring* never made any contract whatever to deed the land in question to the plaintiff. But suppose he did not,

yet, if he has obtained the title from the company in fraud of plaintiff's rights, he holds it as trustee for the plaintiff. And upon every principle of equity and fair dealing, he ought to be compelled to convey the property to the plaintiff, upon such terms as the court may, in view of all the facts as disclosed on the trial, deem just.

*By the Court.*—The order overruling the demurrer to the complaint is affirmed.