[No. 18404. Department One.—November 23, 1895.]

VICTOR  J.  GREGORY,  RESPONDENT,  v.  J.  J.
SPIEKER, APPELLANT.

SALE—GOODWILL—RESTRAINT OF TRADE—FRAUD — STATUTE OF LIMITA-
TIONS.—The seller of a medical compound and of the goodwill of the
business, who agrees in the contract of sale not to manufacture or sell
the compound within a particular county, is guilty of fraud in secretly
and clandestinely manufacturing and selling the identical compound by
a different name, and through the instrumentality of a third person, and
the statute of limitations does not commence to run against the right of
the purchaser to enjoin the violation of the contract and to recover dam-
ages for the fraudulent breach thereof, until the discovery by him of the
facts constituting the fraud.

ID.—COVENANT FOR LIMITED RESTRAINT OF TRADE.—Under sections 1673
and 1674 of the Civil Code, a provision in a contract of sale of the good-
will of a business, by the terms of which the seller agrees not to engage
in the business in a particular county, without limiting his covenant to
the time during which the buyer might carry on the business, is not
entirely void, but is binding on and enforceable against the seller so
long as the buyer or any person deriving title from him carries on a like
business in the county.

ID.—CONSTRUCTION OF CONTRACT—INJURY TO GOODWILL.—A contract of
sale whereby the seller transfers "all right, title, and goodwill of the
bitters known as Robert's Kidney and Liver Bitters," and covenants
"not to manufacture or sell any of said Robert's Bitters" in a specified
county, is a sale of the liquid known when compounded as Robert's
Bitters, and not merely of the name by which it was known; and repre-
senting to the buyer's customers that the same preparation by a different
name was superior to Robert's Bitters, tends to injure the goodwill of
the business.

ID.—MEASURE OF DAMAGES.—In an action by the buyer to recover damages
for such a breach of the contract of sale, where there has been no infringe-
ment of a trademark, the measure of damages is the value of the busi-
ness lost to the buyer, and not the gain to the seller.

APPEAL from a judgment of the Superior Court of Sac-
ramento County.   A. P. CATLIN, Judge.

The facts are stated in the opinion.

*D. E. Alexander*, and *Albert M. Johnson*, for Appellant.

*Armstrong & Bruner*, for Respondent.

BRITT, C.—Action begun October 4, 1892, to enjoin
the violation of a contract, and to recover damages for

the fraudulent breach thereof. The following facts, among others, were alleged by plaintiff and found by the court below: Defendant owned a liquid compound known as "Robert's Kidney and Liver Bitters" and the formula for the manufacture thereof, and the goodwill of the business of making and vending the same; on January 7, 1884, while engaged in such business at the county of Sacramento, and having then a large sale of such bitters in said county and throughout this state, the defendant made a bill of sale to one Lee, by the terms of which he sold and transferred to Lee all right, title, and goodwill of the said bitters theretofore manufactured by him; also the recipe for manufacturing the same; and all labels, printing matter, boxes, etc., pertaining to the manufacture thereof. The instrument concluded as follows: "And I furthermore agree not to manufacture or sell any of said Robert's Kidney and Liver Bitters in this county.   J. J. Spieker." Said Lee was the agent of plaintiff in this transaction, and on the following day, January 8, 1884, he assigned to plaintiff the property and rights acquired by him under said instrument of January 7th. Thenceforward the plaintiff manufactured and sold said bitters, and is yet so engaged.

About February 5, 1884, defendant, with intent to injure plaintiff's business, combined and conspired with one T. M. Lash to manufacture and sell the same bitters under the name of "Lash's Kidney and Liver Bitters," and thereafter for several years such combination, first under the style of T. M. Lash & Co., and later under that of Lash's Bitters Company, manufactured and sold such bitters in said county and throughout the state; defendant then dissolved his connection with Lash, but, under the style of Lash's Bitters Company, continued, until the time of the commencement of this action, the same business of making and selling Robert's Kidney and Liver Bitters by the name of Lash's Kidney and Liver Bitters. Defendant fraudulently concealed from plaintiff the fact of his interest in the business of T. M. Lash & Co. and Lash's Bitters Company, and the fact

also that said Lash's Bitters were compounded of the same ingredients as the said Robert's Bitters, until he divulged such facts upon the trial of a certain action between him, Spieker, and said Lash in April, 1892, up to which time plaintiff was without knowledge or information thereof. By reason of false representations made by defendant to plaintiff's customers to the effect that Lash's Bitters differed from, and were superior to, Robert's Bitters—he knowing that they were compounded of the same ingredients—said customers, or some of them, were induced to purchase the former instead of the latter, whereby the profits of plaintiff's business were mostly cut off. Some further history of this same compound, and the dissensions of those concerned in its preparation and sale, may be found in *Spieker* v. *Lash*, 102 Cal. 38.

Defendant pleaded, among other matters, the bar of the statute of limitations—sections 337, 443, and subdivision 4 of section 338 of the Code of Civil Procedure. The court held that the action was not barred, and rendered judgment perpetually restraining defendant from manufacturing or selling in Sacramento county the said Robert's Kidney and Liver Bitters, or any preparation compounded of its constituents, and from conducting the sale of Lash's Bitters in such manner as to interfere with the goodwill of Robert's Bitters anywhere in the state, and from endeavoring to draw off plaintiff's customers; also that plaintiff recover all the net profits made by defendant in the sale of Robert's under the name of Lash's Bitters from February 5, 1884, to October 4, 1892; which profits were found by means of a reference and accounting had under order of the court to be the sum of fifty-one thousand eight hundred and seventy-two dollars. The appeal is on the judgment-roll, no evidence being brought up.

It is argued by appellant that plaintiff's cause of action lies solely in defendant's breach of contract; that the fraud charged and found is merely for the purpose of excusing delay in the commencement of the action,

and is not the substantive ground upon which relief is sought; hence, that the action is not saved by the provision of section 338 of the Code of Civil Procedure, that in an action for relief on the ground of fraud the cause of action is not to be deemed to have accrued until the discovery of the facts constituting the fraud. But we are of opinion that the facts as found by the court show that fraud was so ingrained with the breach of contract by defendant that the action, as regards the bar of the statute, at least, must be treated as one for relief on the ground of fraud. The breach was accomplished underhandedly, by secret confederacy with another, and the use of his name to cloak the movements of the defendant; and by deceit inducing third persons to believe that defendant's product differed from, or was superior to, that of plaintiff; deception practiced on one person to the injury of another may be actionable fraud as to the latter. (*Blakeslee* v. *Starring*, 34 Wis. 538.)

Sections 1673 and 1674 of the Civil Code read as follows:

" SEC. 1673. Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void."

" SEC. 1674. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein."

Here Spieker agreed " not to manufacture or sell any of said Robert's Bitters in this county"—not limiting his covenant to the time during which the buyer might carry on the business as provided in the latter section quoted; for this reason it is contended that his contract with Lee was void in this particular. We think it reasonably clear that no design to impose a limit on the time during which defendant was restrained from carrying on the business in Sacramento county is inferable

from the contract; and in that respect it transgressed the statute. But the statute does not render the whole provision void; it avoids it only "to that extent," viz., the extent that it transcends the permissive clause of the statute; within that limit it is valid; this must be regarded as the settled construction of the statute. (*Ragsdale* v. *Nagle,* 106 Cal. 336, and cases cited.) The judgment here proceeds further, however, and in this regard the respondent concedes that it should be modified.

It is said that defendant has not used the trade name sold by him; that he did not part with the right to make and vend all bitters; and that so long as he did not apply to them such trade name, nor represent his product to be the same as plaintiff's, he did not violate his contract. But the contract purports to transfer "all right, title, and goodwill of the bitters known as Robert's Kidney and Liver Bitters"; this meant the liquid known when compounded as Robert's Bitters; not merely the name by which it was known. It may be that he retained some right to make and sell the same bitters by whatever designation other than "Robert's" he chose to give them (*Spieker* v. *Lash, supra*); but by the terms of the contract he incapacitated himself to exercise this right at all in Sacramento county, and to exercise it anywhere to the impairment of the goodwill he sold to plaintiff (*Snow* v. *Holmes,* 71 Cal. 142; *Knoedler* v. *Glaenzer,* 55 Fed. Rep. 898); and it seems to us that representing to plaintiff's customers that the same preparation by a different name was superior to Robert's Bitters tended to draw them from plaintiff, and to injure the goodwill he had bought and paid for.

The court adopted a false rule as to the measure of damages; it proceeded upon the theory that, as in trademark and patent cases, the defendant was compellable to render to plaintiff the net profits of the business of selling Lash's Bitters; trademark cases only are cited to support this branch of the judgment. (*Graham* v.

*Plate*, 40 Cal. 493; *El Modello Cigar Co.* v. *Gato*, 25 Fla. 886; 23 Am. St. Rep. 537; *Avery* v. *Miekle*, 85 Ky. 435; 7 Am. St. Rep. 604.)   But here, though plaintiff alleged an infringement of his trademark by defendant, the court expressly found against that averment.   In cases like the present the damages are rarely susceptible of accurate proof; but the measure, expressed generally, is the value of the business lost to plaintiff—not the gain of defendant, which may be more or less than plaintiff's loss; though such gain may be considered in evidence, it should be shown to correspond in whole or in part with the loss of plaintiff. (*Peltz* v. *Eichele*, 62 Mo. 171, 180; *Lashus* v. *Chamberlain*, 5 Utah, 140; *Howard* v. *Taylor*, 90 Ala. 241; *Warfield* v. *Booth*, 33 Md. 63; 2 Sedgwick on Damages, sec. 632.) Nothing here appearing of the amount of plaintiff's loss, the allowance of damages beyond a nominal sum was error.

The judgment of the superior court should be reversed and the cause remanded for a new trial.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment of the superior court is reversed and the cause is remanded for a new trial.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.