[S. F. No. 745. In Bank.—September 22, 1899.]

## FRANK FRANZ et al., Respondents, v. FRANK BIELER, Appellant.

SALE OF GOODWILL—AGREEMENT NOT TO COMPETE—BOND FOR LIQUIDATED
DAMAGES — CONSIDERATION — PLEADING.— In an action to recover
liquidated damages for breach of a bond to secure the faithful
performance of a covenant not to carry on a certain business
within a specified radius during a period of ten years, which
bond does not disclose on its face the consideration therefor, or
show that it was made under circumstances giving it validity
under sections 1673 and 1674 of the Civil Code, such consider-
ation and circumstances are sufficiently shown by allegations
that the covenant for liquidated damages was given to fix the
amount of damages for breach of another contemporaneous writ-
ten contract by which defendant sold to plaintiffs the goodwill
of such business, and agreed to refrain from carrying on a
like business within said radius from the place of business for
said period.

ID.—RADIUS EXTENDING OUT OF COUNTY—VALIDITY OF COVENANT—DIVISI-
BILITY.—A covenant not to carry on a rival business within a speci-
fied radius from a place of business in any direction is not vio-
lated as to the portion of the specified area which is situated
within the county in which the central point is located, because
a portion of the area within the specified radius would include
a part of adjoining counties. Such a covenant is divisible as
regards space, and is void only as to the extent to which it de-
parts from the provisions of the code, permitting the restric-
tion to extend to a specified county, city, or a part thereof.

ID.—BREACH WITHIN COUNTY—RIGHT TO RECOVER STIPULATED DAMAGES.
Though the defendant would not be liable to any damages for

breach of the covenant not to carry on a rival business within the specified radius, if committed out of the county, yet, if he resumed business within the county to which the statute limits the effect of the covenant, the entire stipulated damages may be recovered for such breach, and the plaintiffs were not put to proof of actual damages by reason of the covenant embracing a larger territory than that authorized by the statute.

ID.—PLEADING—BREACH OF CONTRACT—NONPAYMENT.—In an action to recover stipulated damages for breach of a contract not to set up a rival business, the complaint sufficiently shows a breach of the contract by alleging the establishment of a rival business, and the plaintiff is not required to allege nonpayment of the stipulated damages. It is only in actions upon contracts for the direct payment of money which can be broken in no other way than by nonpayment, that it is necessary to aver nonpayment.

APPEAL from a judgment of the Superior Court of Alameda County.   John Ellsworth, Judge.

The complaint alleged that plaintiffs and defendant, on the nineteenth day of April, 1890, entered into a written contract, whereby defendant sold to plaintiffs the goodwill of a certain wine and liquor business at No. 809 East Fourteenth street, city of Oakland, and then and there agreed in writing with the plaintiffs, buyers, to refrain from carrying on a like business within a radius of ten miles from said place of business in any direction within the county of Alameda, for the period of ten years from said date, and that in anticipation of a breach of said obligation, the parties fixed, by another written agreement of the same date, the amount of damages sustainable by a breach thereof.   This agreement was set out *in haec verba*, and set forth the covenant of the defendant not to engage in the wine and liquor business within a radius of ten miles from said place of business, for said period of ten years from the date of the agreement, and bound the defendant to the plaintiffs for the faithful performance thereof in the penal sum of two thousand dollars, as liquidated damages, to be paid by the defendant "should he fail to keep these covenants and agreements."   The complaint averred that, in violation of said bond and agreements, defendant, on January 15, 1895, resumed the carrying on of said wine and liquor business within said radius, and has ever since been carrying it, and that plaintiffs, buyers, have been con-

tinually, and still are, carrying on the same business within said radius, all to their damage in the sum of two thousand dollars, for which they prayed judgment.

J. H. Smith, and Mortimer Smith, for Appellant.

The contract sued upon expresses no consideration, and none is expressly alleged, as is required in such cases as this. (*California Nav. Co. v. Wright*, 6 Cal. 262; 65 Am. Dec. 511.) The complaint omits the essential allegation of nonpayment. (*Richards v. Travelers' Ins. Co.*, 80 Cal. 505; *Grant v. Sheerin*, 84 Cal. 197; *Curtiss v. Bachman*, 84 Cal. 216.) The contract is void for uncertainty. It includes parts of three counties, and restricts the appellant generally. (*People v. Smith*, 1 Cal. 9; *Brumagim v. Bradshaw*, 39 Cal. 40; *Wright v. Ryder*, 36 Cal. 342; 95 Am. Dec. 186; *More v. Bonnet*, 40 Cal. 251; 6 Am. Rep. 621; *Callahan v. Donnolly*, 45 Cal. 153; 13 Am. Rep. 172.) The contract for liquidated damages is not divisible, and is void.

Alfred Fuhrman, and John Heenan, for Respondents.

Nonpayment need not be averred, in such an action as this, for the breach of a contract not to engage in a rival business, which was broken by engaging therein. The recovery of damages is an incident of the breach alleged. (*Beasley v. Gillespie*, 4 Bibb, 314; *Hughes v. Houlton*, 5 Blackf. 180; *Harmon v. Dorman*, 8 Ind. App. 461; *Conner v. Reeves*, 103 N. Y. 527; *Harman v. Moore*, 112 Ind. 221; *Callerlin v. Armstrong*, 101 Ind. 260; *Holley v. Town of Torrington*, 63 Conn. 426.) It is sufficient to negative the words of a broken covenant. (*New Holland Turnpike Co. v. Lancaster Co.*, 71 Pa. St. 442; *Bacon v. Lincoln*, 4 Cush. 210; 50 Am. Dec. 765; *Randel v. Chesapeake etc. Canal*, 1 Harr. (Del.) 151; *McGeehan v. McLaughlin*, 1 Hall, 37; *Rickert v. Snyder*, 9 Wend. 416; *Woolley v. Newcombe*, 87 N. Y. 605; *Eastham v. Crowder*, 10 Humph. 194; Estee's Pleadings, Pomeroy's ed., pars. 1271, 1284, and cases cited.) The plaintiffs had the right to recover the full sum for a breach within the statutory limits, the contract being divisible as to territory. (*Chesman v. Nembey*, 2 Strange, 739; *Wood v. Benson*, 2 Cromp. & J. 94; *Mellen v. May*, 11 Mees. & W. 653; *Price v. Green*, 16 Mees. & W. 346; *Nichols v. Stretton*, 10 Q. B. 346;

*Oregon Steam Nav. Co. v. Winsor,* 20 Wall. 70; *Thomas v. Miles,* 30 Strange, 274; *Pressburg v. Fisher,* 18 Mo. 50; *Smith's Appeal,* 113 Pa. St. 579; *Peltz v. Eichele,* 62 Mo. 171; *Hubbard v. Miller,* 27 Mich. 15; 15 Am. Rep. 153; *Dean v. Emerson,* 102 Mass. 480; *Brown v. Kling,* 101 Cal. 295; *City Carpet etc. Works v. Jones,* 102 Cal. 506; *Ragsdale v. Nagle,* 106 Cal. 332.)

BEATTY, C. J.—The judgment of the superior court in this case was reversed by a decision in Department upon the ground that the complaint failed to state a cause of action, because it contained no allegation of nonpayment. All other points involved in the appeal were ruled in favor of the respondent. After rehearing, we readopt the opinion of the Department, except as to the point upon which the judgment was reversed.

We think the complaint was sufficient without an allegation of nonpayment. The contract of defendant was not simply for the payment of money. It was, on the contrary, a contract not to set up a rival business, and the agreement to pay two thousand dollars in case of the breach of the principal covenant was merely incidental. When the plaintiff alleged the establishment of a rival business, he showed a breach of the contract and a cause of action, and was not required to allege nonpayment. (*Beasley v. Gillespie,* 4 Bibb, 314; *Hughes v. Houlton,* 5 Blackf. 180.)

The decisions of this court cited in the commissioner's opinion are not in point, for the reason that they all relate to contracts for the payment of money only—contracts, that is to say, which could be broken in no other way than by nonpayment.

The judgment of the superior court is affirmed.

Temple, J., Henshaw, J., Van Dyke, J., and McFarland, J., concurred.

The following is the opinion above referred to, rendered in Department One on the 13th of February, 1899:

HAYNES, C.—Judgment was entered for the plaintiffs upon the verdict of a jury, and the defendant appeals therefrom on the judgment-roll, contending that the complaint does not state a cause of action.

The complaint sets out an agreement by which the defendant agreed with the plaintiffs that he would not engage in the wine and liquor business within the radius of ten miles in either direction from 809 East Fourteenth street, in the city of Oakland, for the period of ten years from the date of the agreement—April 19, 1890—and bound himself to the plaintiffs "in the penal sum of two thousand dollars, as liquidated damages," to be paid by the defendant "should he fail to keep these covenants and agreements."

The complaint then alleges that, on January 15, 1895, the defendant resumed the said wine and liquor business within the defined territory, to plaintiffs' damage in the sum of two thousand dollars, and judgment is prayed for that sum.

Defendant's obligation was to pay plaintiffs the sum of two thousand dollars in case he should resume the designated business within the defined territory before the expiration of ten years. It does not appear that he has not performed the condition upon which he was entitled to resume said business, viz., upon the payment of two thousand dollars; and such breach, the nonpayment of the money, must be alleged. (See *Richards v. Travelers' Ins. Co.*, 80 Cal. 505; *Grant v. Sheerin*, 84 Cal. 197, and numerous other cases.) This question being conclusively settled in this state, it is not necessary to examine the cases cited by respondents, all of which are from other jurisdictions.

Nor is this defect cured by the answer, as contended by respondent. A defective allegation of a fact may be aided by allegations in the answer; but here there is no allegation that the money has not been paid, and the defect is fatal. There was no allegation to be aided or cured. (See *Grant v. Sheerin*, *supra*, and cases there cited.)

It is also contended by appellant that the complaint does not state any consideration for the agreement set out in the complaint. It is true the agreement set out in the complaint does not show any consideration to support it, or that it was made under such circumstances as to give it validity under the provisions of sections 1673 and 1674 of the Civil Code; but I think the allegations immediately preceding the agreement as set out are sufficient to show a good consideration.

Appellant further contends that said contract is void for uncertainty, in that the territory "within a radius of ten miles in either direction" from the point named would include a part of Contra Costa county and a part of the city of San Francisco, as well as a portion of Alameda county, in which the central point is located.

I think, however, that the description of the territory is good as to all of it that lies within Alameda county, such boundaries being capable of exact ascertainment, the code permitting the restriction to extend to "a specified county, city, or a part thereof." (Civ. Code, sec. 1674.) In *City Carpet etc. Works v. Jones*, 102 Cal. 506, it was held that the covenant is divisible as regards space, and void only to the extent to which it departs from the provisions of the code. In that case, the covenant extended to three counties, and it was held valid as to the county in which the place of business was situated.

Appellant further says: "The contract embracing portions of three counties is not divisible so far as the amount of liquidated damages is concerned."

The argument based upon this proposition is not quite clear, but it seems to be that as the restriction imposed upon the defendant was void as to a portion of the territory, and the penalty for a breach being indivisible, no recovery can be had either for the whole of the penal sum or any part of it.

The question here presented is new, at least so far as the authorities in this state are concerned. It has been held, as we have seen, that the inclusion of territory greater than that sanctioned by the code is void only as to the excess. In *Potter v. Ahrens*, 110 Cal. 674, there was no excess of territory, and it was held that the parties may properly stipulate a specified sum as liquidated damages for a breach of the covenant, and that the plaintiff is not required to prove anything more than a breach of the contract in order to recover such stipulated damages. In *City Carpet etc. Works v. Jones, supra,* the contract included three counties, and it was held that it was valid as to the county in which the business was conducted, and void as to the others; but in that case the plaintiff on the trial waived damages, on account of the insolvency of the defendant, and prosecuted the suit to obtain a perpetual injunction restraining

the defendant from conducting the business in the city and county of San Francisco, and. the judgment of the lower court granting such injunction was affirmed in this court, with a. modification as to the time of its continuance.    In *Brown v. Kling,* 101 Cal. 299, it was said: "The contracts which are here declared void are not declared unlawful.    Certain contracts not. made in a certain mode are declared void by the statute of frauds, but they are not, therefore, illegal.    This contract is not against public policy.    At common law, such a contract would have been valid.    A contract restraining one from following a lawful trade or calling at all is invalid because it discourages. trade and commerce, and prevents the party from earning a. living, but the right to agree to refrain from his calling, within reasonable limits as to space, may have the contrary effect.    It encourages trade, for it gives value to a custom or business built up by making it vendible."

Here, however, there is an obligation fixing a specified amount as liquidated damages to be paid for a violation of a contract not to conduct the specified business within a given territory, which territory exceeds the limits prescribed by law. Doubtless the parties entered into the principal contract supposing they had the right to include all the territory described, and that the prohibition extended to the whole of it, and it may be argued that the stipulated damages were fixed in view of that. supposition.    If the defendant resumed business within a portion of the described territory which is excluded from its operation by the statute, it is obvious that he would not have incurred any liability under his covenant, though within its express terms; but if he resumed business within that portion of the territory described in the agreement to which the statute limits it, we see no sufficient reason why it should affect the stipulated damages, since it is not only within the letter of the covenant, but it is clear that the nearer the place where the defendant resumes business is to the place where he formerly conducted business, and to the place where plaintiffs still conduct the same business, the greater the actual damage they would sustain.    The mere fact that the covenant embraces a larger territory than that authorized by the statute would not seem to justify us in holding that the stipulation as to damages

for a breach should be held void, and that plaintiffs should be put to proof of their actual damages.   In *Price v. Green,* 16 Mees. & W. 346, the covenant was that the covenantor would not carry on the trade of perfumer, toyman, and hair merchant "within the cities of London or Westminster, or within the distance of six hundred miles from the same respectively," and for the observance thereof bound himself in the sum of five thousand pounds as liquidated damages.   The covenantor resumed the prohibited trade in London.   It was held that so far as regards the distance of six hundred miles from said cities the covenant not to engage in said business was void, but not illegal, and was good so far as London and Westminster were concerned.   The court of exchequer chamber affirmed the judgment for the whole sum stated, saying: "Here, however, there is but one thing to which the five thousand pounds relates, viz., the restriction of trade, though extended to two different districts; and it is plain that the parties intended that, if the restriction was violated in either district, the sum should be paid, and not that inquiry should be made as to the actual damage and loss sustained."

Because of the insufficiency of the complaint the judgment should be reversed, with leave to the plaintiffs to amend, and I so advise.

Britt, C., and Gray, C., concurred.