[Civ. No. 2699.  Third Appellate District.—February 26, 1924.]

## L. O. STEPHENS et al., Respondents, v. W. A. BEAN, Appellant.

[1] CONTRACTS — SALE OF BUSINESS — RESTRAINT OF TRADE — TERRITORIAL LIMITATION—INTENT OF PARTIES.—In this action to enjoin defendant from engaging in the undertaking business in competition with plaintiffs in violation of the agreement under which defendant sold to plaintiffs the interest of the former in the business originally conducted by plaintiffs and defendant, although defendant's covenant not to enter into business in competition with plaintiffs was not expressly limited to the city or county in which the business sold was being conducted, from a consideration of the terms of the contract as a whole, viewed in the light of the surrounding circumstances, the trial court was justified in concluding that it was the intention of the parties that the restraint imposed upon defendant was applicable only to the city in which the business was being conducted.

[2] ID.—BUSINESS RESTRICTED—CONSTRUCTION OF CONTRACT.—Defendant's covenant having been that he would not "enter into business in competition with" plaintiffs, without limitation as to the kind of business restricted, but the firm having been mentioned in the

---

1. Validity of agreement in restraint of trade or profession as affected by its territorial scope, notes, 24 L. R. A. (N. S.) 913; L. R. A. 1916C, 626.

contract of sale as an "undertaking firm," the covenant may reasonably be construed as an agreement not to engage in the undertaking business, but in any event the statute limits the restriction to a "similar business."

[3] Id.—Employment by Another—Violation of Restrictive Covenant.—In this action to enjoin defendant from engaging in the undertaking business in competition with plaintiffs, it was clear that defendant's employment by a rival undertaking establishment was not merely in the capacity of clerk or servant, but that it was such as to constitute a violation of his agreement not to enter into business in competition with plaintiffs.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing, Wild & Everts and Jas. Gallagher for Appellant.

Harris & Hayhurst and Harris, Johnson, Willey & Griffith for Respondents.

FINCH, P. J.—The defendant has appealed from a judgment restraining him "from further engaging in the undertaking business, or business similar thereto, in the city of Fresno, so long as plaintiffs, or any person deriving title to the good will of said business from plaintiffs, carry on said or like business in said city of Fresno."

There is no substantial conflict in the evidence. For many years the plaintiffs and defendant were partners in the business of general undertakers and funeral directors in the city of Fresno, under the firm name of Stephens & Bean. On the thirty-first day of May, 1919, the defendant sold his interest in the business and property of the firm to the plaintiffs for the sum of thirty-five thousand dollars and executed the following instrument of transfer:

"State of California, County of Fresno,—ss.

"Know all men by these presents: that I, W. A. Bean, of the city of Fresno, County of Fresno, State of Cali-

---

3. What constitutes carrying on business under covenant not to carry on similar business within prescribed limits, notes, **Ann. Cas.** 1915A, 381; **Ann. Cas.** 1916E, 384.

fornia, am the owner of one-half (½) interest in the under-
taking firm of Stephens & Bean, located and doing business
in the said City and County.

"Be it further known: That for, and in consideration
of the sum of One Hundred and no/100 ($100.00) Dollars,
receipt of which is hereby acknowledged, I do sell, assign
and transfer to L. O. Stephens and J. D. Stephens of the
same place, my undivided one-half (½) interest in the
aforesaid undertaking firm of Stephens & Bean, together
with my interest in all stock, furniture, fixtures, securities,
notes, book accounts and etc. now due said firm.

"Signed, sealed and dated at Fresno, this thirty-first day
of May, 1919.

"W. A. Bean.

"Subscribed and sworn to before me this 31st day of May,
1919.

"Gladys G. Watson.

"Notary Public in and for the County of Fresno, State of
California.

"I further agree to not at any time in the future enter
into business in competition to the above mentioned firm
of Stephens & Bean.

"(Signed)　W. A. Bean."

The defendant testified that he had been in the under-
taking business with the firm of Stephens & Bean for
twenty-five or thirty years; that at the time of the trial,
November 15, 1922, he was in the employ of the Mission
Undertaking Company, a corporation, undertakers and
funeral directors in the city of Fresno, and had been in
the employ of such corporation since the first of April, 1922;
that he assists in cleaning up, in making death calls and in
conducting funerals and, in the absence of the manager, he
sometimes takes charge of funerals; that the business is
transacted by the manager, a lady attendant and defend-
ant, all of whom are paid salaries and receive commissions
on the amount of business transacted; and that defendant
was consulted in the preparation of advertising matter which
was published in the newspapers of Fresno. These ad-
vertisements may be said to "feature" the defendant. A
description of one of them will serve to illustrate their
nature. It contained pictures of the undertaking parlors,

the defendant, the manager and the lady attendant, underneath which appeared the following:

"Mission Undertaking Parlors, Announcing a Change in
Name of the Powell Undertaking Company, to the
Mission Undertaking Company.

"Mr. R. A. Powell, having severed his connection with this undertaking concern, the directors wish to announce to the public that in the future it will be known as the Mission Undertaking Parlors, and associated with it are William A. Bean, J. Herman Kennedy and Mrs. Anna (Erickson) McIntyre, all of whom are licensed embalmers and experienced funeral directors.

"Wm. A. Bean: Mr. Bean was formerly with Stephens & Bean, and has had over 30 years' experience in the business, 28 years of which have been in the city of Fresno, having served as coroner of Fresno County for 12 years. During his 30 years' experience in the undertaking business he has established a reputation for himself as being one of the leading funeral directors of the state, having arranged and directed some of the largest funerals ever held in the city of Fresno." This is followed by similar statements concerning the experience and standing of Mr. Kennedy and Mrs. McIntyre.

Appellant contends that his covenant not to engage in the undertaking business is void because in restraint of trade and, further, that he is not engaged in such business. Section 1673 of the Civil Code provides: "Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void." Section 1674 provides: "One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the good will from him, carries on a like business therein." Defendant's covenant does not expressly contain the limitations of section 1674 as to time, territory, or the nature of the business which defendant agrees not to carry on.

In *Brown* v. *Kling*, 101 Cal. 295 [35 Pac. 995], the defendant had agreed not to carry on a butcher business, without

limiting the agreement to the time the plaintiff or his assigns might conduct a like business. In holding the contract valid for the time during which plaintiff and his assigns might continue in a like business, the court said: "The statute does not provide that such contracts, though not in accordance with the code, shall be wholly void. It says that they shall be 'to that extent void.' It may be said, and perhaps that is the correct construction, that the restraint which is other than that prescribed shall be void. But it is a familiar rule of law that where there is a statute upon a certain subject it enters into and becomes a part of such contract upon such subject, if the contract can be so construed. The contracting parties are presumed to have had the law in view. Sometimes the terms of the contract will rebut this presumption, but in the present case it does not. One rule at common law applicable to this matter was that the restraint shall be no greater than is necessary to protect the purchaser. This rule would limit the restraint to the time during which the purchaser or his assignee is in business, for beyond that time there is nothing to protect." The following cases are to the same effect: *City Carpet etc. Works* v. *Jones,* 102 Cal. 506 [36 Pac. 841]; *Gregory* v. *Spieker,* 110 Cal. 150 [52 Am. St. Rep. 70, 42 Pac. 576].

[1] Defendant's covenant is not expressly limited to the city or county in which the business sold was being conducted. No sound reason appears, however, why the intention of the parties may not be ascertained, as in other agreements, from a consideration of the terms of the contract as a whole, viewed in the light of the surrounding circumstances. The contract recites that the defendant, "of the City of Fresno, County of Fresno," is the owner of a one-half interest in the undertaking firm of Stephens & Bean, "located and doing business in the said city and county." The business, in its nature, is local. Any business other than local, therefore, in which defendant might engage, would not be in competition with that of plaintiffs. The case is unlike those of manufacturing concerns and wholesale merchants whose goods are sold and distributed over large territories. The court was justified in concluding that it was the intention of the parties that the restraint imposed upon defendant was applicable only to the city of

Fresno. In Brown v. Kling, supra, it is said: "In Moore etc. Co. v. Towers etc. Co., 87 Ala. 206 [13 Am. St. Rep. 23, 6 South. 41], defendants sold their business to plaintiffs, and agreed not to handle any more plow-stocks or plow-blades. There was no restriction as to time or place. It was objected to as unreasonable because unlimited. The court said, however, in substance, that a contract was to be construed with reference to the circumstances of the parties and the object sought to be attained by the contract. That in fact the firm was dealing only within a limited territory, and the evident purpose was to protect the plaintiff in his business. The contract was, therefore, to be construed as limited to the territory covered by plaintiff's business. I think this case an advance upon former precedents upon the subject." In Grogan v. Chafee, 156 Cal. 611, 615 [27 L. R. A. (N. S.) 395, 105 Pac. 745, 747], it is said: "The tendency of the modern decisions has been to view with greater liberality contracts claimed to be in restraint of trade." In the case of City Carpet etc. Works v. Jones, supra, the defendant had agreed not to enter into any business of the kind sold to plaintiff in the city and county of San Francisco or in the counties of Alameda and San Mateo. The court said: "In this case three counties are named in the contract, and I see no difficulty in upholding it as to the county in which the business was conducted, and declaring it void as to the other two counties. The boundaries of each are definite, and fixed by law. Neither includes any part of the others. If the city and county of San Francisco had alone been named the contract would have been good. . . . It is only to the 'extent' that the contract departs from the provisions of the code that it is declared void." Appellant contends that the contract considered in the case last cited differs from that in the instant case in that the former was divisible while the latter "is not divisible. It has not a divisible limitation." Even if it be assumed that the parties intended that the defendant should refrain from engaging in the undertaking business without limitation as to territory, the question of divisibility of the covenant would be no different than that in the case of Franz v. Bieler, 126 Cal. 176 [56 Pac. 249, 58 Pac. 466], where the covenant was to refrain from carrying on a business within a radius of ten miles from a point in the city of

Oakland. The territory to which the restriction applied thus included a part of Contra Costa County and a part of the city and county of San Francisco, as well as a portion of Alameda County. It was there argued that the contract was not divisible. At page 181 of the decision (56 Pac. 250) it is said: "I think, however, that the description of the territory is good as to all of it that lies within Alameda County, such boundaries being capable of exact ascertainment, the code permitting the restriction to extend to 'a specified county, city, or a part thereof.'"

[2] Defendant's covenant is that he will not "enter into business in competition to the above mentioned firm," without limitation as to the kind of business restricted. Since the firm is mentioned in the contract as an "undertaking firm," the covenant may reasonably be construed as an agreement not to engage in the undertaking business, but in any event the statute limits the restriction to a "similar business." In *Shafer* v. *Sloan,* 3 Cal. App. 335, 337 [85 Pac. 162, 163], it is said: "It is true the contract is in excess of the rights conferred by section 1674, Civil Code, in that it undertakes to restrict the right to engage in business so long as the party of the first part may continue in business, omitting the words 'similar business' found in that section. This, however, would not render the contract thereby void, but only to the extent to which it attempted to enlarge the rights beyond the statute." Since the foregoing decisions of this state are decisive of the questions thus far discussed, it is not deemed necessary to review the decisions of other jurisdictions cited in the briefs.

[3] Appellant's contention that he is not engaged in the undertaking business is so manifestly without merit that it requires but little consideration. "The provisions of the code authorize the execution of a contract by which one agrees not 'to carry on' a similar business. It is too narrow a construction to say that this is limited to the carrying on of a business as owner or proprietor. To conduct, manage or operate it wholly or in part, as the agent of another, is equally within the purpose and language of the code." (6 Cal. Jur. 142; *Meyers* v. *Merillion,* 118 Cal. 352 [50 Pac. 662]; *Johnston* v. *Blanchard,* 16 Cal. App. 321 [116 Pac. 973].) "As a general rule, a contract against engaging in a similar business is broken by conducting or

controlling such a business for another as manager or in a similar capacity, but it is not broken by merely entering into the employ of one conducting such a business in the capacity of a clerk or servant.'' (13 C. J. 557.) It certainly is clear that defendant's employment by the Mission Undertaking Company was not merely in the capacity of clerk or servant.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1924.

All the Justices concurred.