[Civ. No. 8284. First Appellate District, Division One.—July 1, 1932.]

GENERAL PAINT CORPORATION (a Corporation), Respondent, v. EDWARD SEYMOUR et al., Appellants.

Frank L. Borden for Appellants.

A. J. Getz for Respondent.

GRAY, J., *pro tem*.—On and prior to February 18, 1928, appellants were the owners of and were conducting a paint and varnish business, with their factory and principal place of business in the city of Los Angeles. On that date they sold to respondent's assignor, the California Paint Company, this business, including its goodwill. As part of the sale, appellants executed and delivered their written agreement, hereafter fully set forth, agreeing not to engage in such business for a period of five years. Subsequently the California Paint Company assigned all of its rights to respondent. From and after the above date the California Paint Company and respondent, as successor in interest, continued to operate and are still operating the business so purchased. For a year after the sale, appellants, as employees of the purchaser, assisted in the management and operation of the business. Then they left such employment, established their own business of the same kind, and continued therein until trial. After trial the court enjoined appellants from engaging in such business and awarded respondent damages. Appellants question the validity of the agreement as support to the injunction, and the award of damages.

The agreement, which forms the basis of this action, reads as follows:

"This agreement entered into as of this 18th day of February, 1928, between Edward W. Seymour and Walter A. Seymour, First Parties, and California Paint Company, a Corporation, Second Party,

"Witnesseth:

"Whereas, First parties have been engaged in the paint and varnish business in the City of Los Angeles and elsewhere in the State of California for five years prior hereto, or thereabouts; and

"Whereas, An agreement has been entered into between the parties hereto for the sale by said first parties to second party of the entire good will, stock in trade, fixtures and accounts of their said paint and varnish business; and

"Whereas, A material inducement to second party to purchase and acquire said entire business, including said good will, was and is the undertaking and agreement of first

parties to refrain from further engaging in the paint and varnish business as hereinafter set forth;

"Now, Therefore, in consideration of the foregoing, and other valuable consideration, the receipt whereof is hereby acknowledged, first parties do hereby jointly and severally promise, undertake and agree with second party, as follows:

"1. That they will not at any time hereafter, directly or indirectly, by themselves or with or through any other person, firm or corporation, or in any other manner, for a period of five (5) years from and after the date hereof, engage in the manufacture, sale or distribution of paints or varnishes, or any like products, within the limits of the State of California, nor aid nor assist anyone else so to do within said limits, nor have any interest, directly or indirectly, in the business of manufacturing or selling paints or varnishes or like products within said limits, except as employees of second party, or except as they may be expressly permitted so to do by second party.

"2. First parties further agree that neither they nor either of them will, at any time after the date hereof, directly or indirectly, or in any manner, do or cause to be done any wilful act or thing to the prejudice of the trade or business of second party, including the business and good will of first parties purchased and acquired by second party as aforesaid.

"3. This agreement shall inure to the benefit of and be binding upon the successors and assigns of the respective parties hereto."

Section 1673 of the Civil Code reads as follows: "Every contract by which anyone is restrained from exercising a lawful . . . business . . . otherwise than is provided by the next two sections, *is to that extent void.*" (Italics ours.) Section 1674 provides: "One who sells the good-will of a business may agree with the buyer to refrain (1) *from carrying on a similar business* (2) *within a specified county, city, or a part thereof,* (3) *so long as the buyer, or any person deriving title to the good-will from him, carries on a like business therein.*" (Italics and numbers ours.) We are not concerned with section 1675, making an exception in favor of partnership arrangements.

Appellants argue that the agreement prohibited them from engaging in the paint and varnish business within the

state, and that since this territorial limit exceeded that permitted by section 1674 the entire agreement is void. In *More* v. *Bonnet,* 40 Cal. 251 [6 Am. Rep. 621], upon which appellants principally rely, a contract not to engage in a particular business "in the City and County of San Francisco, or State of California" was held void. But this case was distinguished and explained in *City Carpet etc. Works* v. *Jones,* 102 Cal. 506 [36 Pac. 841]. Section 1673 does not say the entire contract is void, but merely provides that its excess beyond the provisions of section 1674 is void. (*Brown* v. *Kling,* 101 Cal. 295 [35 Pac. 995]; *City Carpet etc. Works* v. *Jones, supra; Ragsdale* v. *Nagle,* 106 Cal. 332 [39 Pac. 628]; *Shafer* v. *Sloan,* 3 Cal. App. 335 [85 Pac. 162].) Section 1674 creates limitations both as to space and time. In *Brown* v. *Kling, supra,* where the contract was limited as to space, i. e., territory, but unlimited as to time, the court, construing the contract with reference to the circumstances of the parties and the object to be attained, severed a reasonable time from the unlimited time and held the contract valid to that extent. In the course of its discussion the court approved the doctrine of *Moore & Handley Hardware Co.* v. *Towers Hardware Co.,* 87 Ala. 206 [13 Am. St. Rep. 23, 6 South. 41], where a contract unrestricted as to time and place was held valid as to territory covered by plaintiff's business. The seller, in *City Carpet etc. Works* v. *Jones, supra,* agreed not to engage in business in the counties of San Francisco, Alameda and San Mateo. The court held that the invalid addition of the two counties of Alameda and San Mateo did not void the restriction as to the city and county of San Francisco, in which the property and business were located. The court in *Gregory* v. *Spieker,* 110 Cal. 150 [52 Am. St. Rep. 70, 42 Pac. 576, 578], upheld a contract not to manufacture and sell bitters, limited to the county of Sacramento, but without time limit, by construing it to cover a time permitted by law. A contract not to engage in business within a radius of ten miles of a certain store in the city of Oakland, which literally would include parts of Contra Costa and San Francisco Counties, was held valid as to Alameda County. In *Stephens* v. *Bean,* 65 Cal. App. 779 [224 Pac. 1022], the seller agreed to not at any time in the future enter into business in competition with purchaser. It was held that the intention of

the parties to limit the contract to the city where the business was located could be ascertained by a consideration of the terms of the contract as a whole, viewed in the light of the surrounding circumstances. It was further held that the lack of limitation as to the kind of business might be supplied by a reasonable construction. (See, also, notes, 24 L. R. A. (N. S.) 913–941.) "While contracts of this nature receive strict construction, yet in construing them their legitimate aim and end are not to be lost sight of. They are designed to secure to the business of one person immunity from rivalry and consequent damage at the hands of another who would be a dangerous competitor by reason of his skill, energy, and popularity." (*Meyers* v. *Merillion,* 118 Cal. 352, 357 [50 Pac. 662, 664].) Sections 1673 to 1675 of the Civil Code are to be construed in the light of the tendency of the modern decisions to view with greater liberality contracts claimed to be in restraint of trade. (*Grogan* v. *Chaffee,* 156 Cal. 611 [27 L. R. A. (N. S.) 395, 105 Pac. 745].)

Considering the entire contract and giving due weight to the recital as to the location of appellants' former business and to the covenant not to injure the business sold, it is apparent that the aim and object of the contract was to prevent appellants from competing with the business sold within its territorial limits and that such limits included the county of Los Angeles. The bill of sale shows that the stock in trade, accounts, factory equipment, furniture, automobiles, literature, and lease—in fact, everything sold—were located in Los Angeles County. The law formed part of the contract and it must be presumed that the parties contracted with knowledge of that fact. The contract must be so interpreted as to hold it lawful if possible (Civ. Code, sec. 1643) and to extend only to those things as to which the parties intended to contract. (Civ. Code, sec. 1648.) Upon reason and the authorities, the trial court correctly held the agreement was valid as far as the county of Los Angeles was concerned.

■ Appellants complain of the award of damages which amounted to seven and one-half per cent of their total sales during the period they were in competition with respondent. The correct rule is stated in *Gregory* v. *Spieker, supra,* as follows: "In cases like the present the damages are rarely

susceptible of accurate proof; but the measure, expressed generally, is the value of the business lost to plaintiff—not the gain of defendant, which may be more or less than plaintiff's loss; though such gain may be considered in evidence, it should be shown to correspond in whole or in part with the loss of plaintiff.'' (Note, Ann. Cas. 1914A, p. 1153.) One of the appellants testified that their gross sales, during the competitive period, were $7,315.83; that respondent would have made a profit of seven and one-half per cent on such volume; that the merchandise so sold was similar to that of respondent; that such sales were not confined to Los Angeles, but extended up and down the coast, although sold through the Los Angeles office; that only a percentage of such sales were to former customers of the business purchased by respondent. He further testified that appellants in the new business used labels similar to those used in the business they sold; that they solicited business from former customers; that they canceled the old telephone listing and obtained a new one under the old name at a new address and wrote the postmaster to forward mail addressed in the name of the old business to them at their new address. This evidence merely shows that they did a business, an undetermined portion of which came from former customers, for an undetermined amount of similar articles. Whether respondent suffered a corresponding loss is purely speculative. The testimony also shows that appellants lost on this business, so it does not even show their gain, which is admissible under the above rule. While the court correctly stated the above rule to counsel during trial, its award is not in accord therewith.

The judgment is affirmed as to the granting of the injunction, but is reversed as to the award of damages, with instructions to allow evidence on this issue and thereupon to award damages in accordance with the above rule. Each party is to pay their or its costs on appeal.

Knight, Acting P. J., and Cashin, J., concurred.