[No. 28881. Department One. January 21, 1943.]

J. L. Cooper & Company, *Appellant,* v. Anchor Securities Company, *Respondent,* H. S. Gimble et al., *Defendants.*[1]

R. E. Lowe, for appellant.

*Cannon, McKevitt & Fraser* and *Richard S. Munter,* for respondent.

Mallery, J.—This case was first passed upon by this court in its decision to be found at 9 Wn. (2d) 45, 113 P. (2d) 845. The next to the last paragraph of that decision reads as follows:

"Appellant is entitled to an injunction restraining respondents from soliciting T. J. Corkery's, and T. J. Corkery Company's, former customers and from using any information, secured by Corkery from ex-

[1]Reported in 133 P. (2d) 291.

piration lists or otherwise while a confidential employee of appellant, in soliciting insurance. Appellant is also entitled to recovery against respondents for loss sustained as a result of respondent's tortious acts. A new trial should be granted for determination of the amount of damages which should be awarded to appellant."

In compliance therewith, the trial court held a further hearing, and, after receiving additional evidence, entered an injunction and allowed appellant damages in the amount of $399.05. Appellant appeals, claiming that it was entitled to a greater amount of damages.

This present decision deals only with the proper amount of damages to be awarded. The facts of the case will be found in the former decision as cited. Appellant makes the contention of law that, where the seller of an insurance agency (Corkery) is well acquainted with most of the customers of the business sold, and the sale included the good will, it is a fair presumption that any transfers made by the customers of their insurance from the purchaser's company (appellant) to Corkery's new employer, resulted from wrongful solicitation by Corkery, and that appellant is not limited to the recovery of commissions which he can establish that he would have received had they not been solicited by Corkery for the respondent. Appellant makes the contention of fact that he proved that the expense necessary to be incurred in renewing the business, of which he should not have been deprived by respondent's tortious acts, should be 10% of the commissions instead of the 50% thereof as found by the court. This would therefore result in a recovery of 90% instead of 50% of the commissions lost to appellant.

The trial court used the measure of damages in this case as laid down in the recent case of *Merager*

*v. Turnbull,* 2 Wn. (2d) 711, 99 P. (2d) 434, 127 A. L. R. 1142. We quote:

" 'The correct rule is stated in *Gregory v. Spieker,* [110 Cal. 150, 42 Pac. 576], *supra,* as follows: "In cases like the present the damages are rarely susceptible of accurate proof; *but the measure, expressed generally, is the value of the business lost to plaintiff—not the gain of defendant,* which may be more or less than plaintiff's loss; though such gain may be considered in evidence, it should be shown to correspond in whole or in part with the loss of plaintiff." (Note, Ann. Cas. 1914A, p. 1153.)' *General Paint Corp. v. Seymour,* 124 Cal. App. 611, 12 P. (2d) 990." (Italics ours.)

The uncontradicted evidence in the present case disclosed that the total gross commissions earned and received by the respondent from T. J. Corkery's, and T. J. Corkery Company's, former customers was $12,-160.66; that $9,657.80 or 79.9% of the total was received from Catholic institutions. The testimony of J. L. Cooper, president and sole manager of appellant, disclosed "that the associations of the J. L. Cooper Company were not such that they would have any reasonable likelihood of retaining that business."

The trial court concluded that, of the remainder of 20.1%, $798.10 thereof could possibly have been held by appellant, but for the wrongful solicitation by Corkery. The trial court further concluded that the expense to appellant of handling the business lost would have been 50% of the commissions therefrom. And that $399.05, being 50% of the amount, was the proper amount of the damages, and judgment was entered accordingly.

Whatever merit there may or may not be in appellant's contention of law that the court should have presumed that the business would have come to him but for respondent's solicitation, that presumption

cannot be invoked in this case, by reason of appellant's admission that he had no reasonable likelihood of retaining the Catholic business.

The court used as the measure of damages the value of the business lost to appellant, not the gain of the respondent, as laid down in *Merager v. Turnbull, supra.* The trial court is affirmed on appellant's point of law.

█ Mr. Cooper, for appellant, testified that, with the office arrangement J. L. Cooper & Company had, the company already having a considerable volume of insurance, it could have written the renewals of the Corkery business at a cost of 10% of the commissions; that it had a solicitor who brought in enough new business to pay his salary, and the cost of service of business already on the books was practically nil. Mr. Corkery substantially agreed with this. He said that, with a total commission income of $7,800, he could increase his business from 15% to 40% without increasing the overhead.

We find that the weight of the evidence sustains appellant's claim that its expense in handling the renewal of Corkery's business would have been 10% of the commissions, which would entitle him to 90% instead of 50% thereof. The judgment should therefore be in the amount of $719.29. Appellant will recover its costs.

Judgment is affirmed, as modified.

STEINERT, JEFFERS, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—On the record, the judgment should be affirmed. Therefore, I dissent.