**Austin J. SHELTON, Appellant,**

v.

**GUAM SERVICE GAMES, a co-partnership, Appellee.**

**No. 14719.**

United States Court of Appeals Ninth Circuit.

Sept. 7, 1956.

Spiegel, Turner & Stevens, Santa Monica, Cal., for appellant.

Robert E. Duffy, Agana, Guam; Ashe & Pinney, San Francisco, Cal., for appellee.

Before HEALY, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

The proceeding here was brought by Guam Service Games, a co-partnership, against Austin J. Shelton, to enjoin the latter from engaging in the coin operating machine business other than as an employee of Guam Service Games. Damages, profits, costs, attorney fees and the delivery of coin machines in possession of defendant were also prayed. Guam Service deposited in the court the balance of the purchase price upon a contract hereinafter mentioned between Shelton and the partnership.

A pre-trial order was entered together with a stipulation of facts. A summary of the facts follows:

On February 1, 1954, Shelton and Guam Service entered into a written contract whereby Shelton, as the owner of a coin operated machine business in the Territory of Guam, sold all his right, title and interest in and to Guam Games for $50,000, which was all paid except for the amount deposited in court.

The contract contained the following provision:

"Seller hereby covenants and agrees that he will not, within the Territory of Guam, for a period of five (5) years from the date hereof engage in the coin operated machines business, in any manner or form, whatsoever, whether as owner, partner, agent, employee or otherwise, except as an employee of the Buyer herein. It is further agreed that if the Buyer consents to hire the Seller as an agent or employee then said Buyer will offer to the Seller, as salary, the going normal wage usually paid to persons engaged in similar type of work in the Territory of Guam, at the time of the hiring of the employee; Seller further covenants that he will not interfere, directly or indirectly, in any manner or form with the business of Buyer, his assignees, successors or transferees."

Shelton's wife obtained a license to operate a coin operated business in the Territory of Guam and, based thereon, conducted such a business there including the municipality of Agana. Shelton was himself connected with this business from the beginning and took part in the negotiation of contracts, installation and servicing of machines and collection of proceeds. No monetary loss by Guam Games could be proved.

The cause was tried on the pre-trial order and the stipulation of facts and certain exhibits which were introduced in the District Court of Guam, Territory of Guam, Marianas Islands.

 The trial court held the agreement valid, and the clause requiring Shelton to refrain from engaging in the business within the Territory of Guam for five years was enforced by injunction. This ruling was erroneous. The Civil Code of Guam provides:

" § 1673. *Contracts, restraint of trade.* Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void."

Guam Games urges that the common law principle that an agreement in general or total restraint of trade was void, even if founded upon a legal and valuable consideration, is inapplicable. Storey on Contracts is quoted to the effect that "an agreement in partial restraint of trade restricted within certain reasonable limits or times or confining it to particular persons would, if founded upon a good and valuable consideration, be valid." It is true that in this instance there was a good and valuable consideration, that the agreement was restricted to a single person, and that the limit of five years could be upheld. But, obviously enough, even within the common law rule, the restriction within reasonable limitations territorially was necessary to make the re-

straint only partial. It is possible that under the common law a restriction of the Territory of Guam could have been enforced. But here we have a positive legislative declaration that every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind is void. Since this agreement attempted to make the prohibition and restraint complete within the Territory of Guam, it is to that extent void. There was, however, an exception provided in the statute itself. This clause reads:

"§ 1674. *Exception, sale of good will.* One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified district, city, or part thereof, so long as the buyer, or any person deriving title to the good will from him, carries on a like business therein."

Now it is perfectly apparent that Shelton did not agree "to refrain from carrying on a similar business within a specified district, city or part thereof" of the Territory of Guam. Since no such agreement was made or attempted, there was a statutory prohibition against the contract as it was drafted. The court proceeded upon some ground of public policy in overruling the statute. It is said that conditions have so changed in Guam since the time of the enactment of the provision in 1933 that apparently the provision could no longer be held applicable. This attempt to wipe the statute off the books cannot be given approval. The other ground which the court chose was that the "changed conditions make it impossible for the court to attempt to define an area other than that agreed upon by the parties." But the area defined by the parties was the Territory of Guam as a whole, and the contract was void over that area.[1] It is true that this section makes an exception, and, if the agreement had been to refrain within a specified district, city or part thereof, it

---

1. On the question of the territorial breadth of these negative covenants and "as to what is reasonable the statute is conclu- sive." City Carpet Beating, etc., Works v. Jones, 102 Cal. 506, 512, 36 P. 841, 842.

might be upheld,[2] but there was no such agreement.

The court then attempts to follow certain cases in which courts have held that, where there was a general prohibition against restraint throughout an entire territory, the court would hold the restraint valid as to a particular county. But here the court holds that the exception in Section 1674 is such that it is meaningless as related to the Territory of Guam. However, if the exception is meaningless, then Section 1673 declares this contract totally void. The court says [126 F.Supp. 338] "to attempt to establish legislative intent in connection with the provisions under consideration is quite useless." By this it is apparently meant that there is no "specified district, city, or a part thereof" which the court could define. But, if the exception is void as above noted, the Act should be carried out to its fullest extent.

It appears to this Court, however, that there is a method of defining a reasonable area under the statute. The principal office of Shelton, according to the stipulation of facts, was in the municipality of Agana. It is provided in the stipulation also as follows:

"That since the Spanish times in Guam, the Island has been geographically divided into municipalities; that attached hereto marked Defendant's Exhibit 'A', is a map showing the historic development of such geographic municipalities; that the map entitled municipalities as of March 19, 1934, is the present geographic division of Guam into municipalities; that the Municipality of Agana is shown on said map with the red crayon caption 'Agana'; that any other crayon writing on said map shall not be considered as a part of the Exhibit; that certain areas within municipalities have been known as 'districts,' but have no geographic significance."

This Court holds that the trial court was bound to construe the exception containing the words "specified district, city, or part thereof" in a reasonable manner and in accordance with the precedents of the California decisions, upon which it is purported to rely.[3] It is true that a city might be included in a territorial district of somewhat greater extent, but the limitation, in order to be upheld, must only apply to a certain territorial division, whether or not definitely defined by law, which was like a city or comparable to a county of California. By no theory could it include the entire Territory of Guam or any major portion thereof. If the exception cannot be so limited, then it is meaningless and the prohibition against restraint is absolute throughout the Territory.

Remanded.

2. "Section 1673 does not say the entire contract is void, but merely provides that its excess beyond the provisions of section 1674 is void." General Paint Corporation v. Seymour, 124 Cal.App. 611, 614, 12 P.2d 990, 991.

3. The California courts have shown no reluctance to give limited effect to these contracts either in cases where no real limitation was specified at all. Mahlstedt v. Fugit, 79 Cal.App.2d 562, 180 P.2d 777; Stephens v. Bean, 65 Cal.App. 779, 224 P. 1022; or where the specified area was too large for the statute, City Carpet Beating, etc., Works v. Jones, 102 Cal. 506, 36 P. 841; Edwards v. Mullin, 220 Cal. 379, 30 P.2d 997; Franz v. Bieler, 126 Cal. 176, 56 P. 249, 58 P. 466; General Paint Corporation v. Seymour, 124 Cal.App. 611, 12 P.2d 990.