## Jones v. Morrow.

*Injunction—Contract not to engage in business—Injunction to restrain violation.*

An injunction will be issued to restrain the defendant from engaging himself as an employee of an undertaker in the business of conducting funerals in violation of a contract selling his own business, including "good-will," to the plaintiff, in which he had agreed not to carry on, conduct, manage or operate any business as a funeral director or embalmer for ten years within ten miles of the place where the business had been conducted.

Bill for injunction. C. P. Allegheny Co., April T., 1924, No. 1116, in Equity.

*G. W. Williams,* for plaintiff; *Verner L. Barbor,* for defendant.

### Findings of fact.

EVANS, J.—1. On Oct. 6, 1920, the defendant, W. J. Morrow, having been for sometime engaged in the undertaking business in Wilmerding, Allegheny County, Pennsylvania, sold his business to the plaintiff by articles of agreement in writing, a copy of which is attached to the bill of complaint, by which contract of sale he sold all the goods, merchandise and fixtures set forth in a schedule attached to the contract, "together with the good-will and the business of said first party in the business now carried on by him as funeral director and embalmer."

2. In the said contract the defendant agreed as follows: "Said first party for further consideration also covenants and agrees and binds himself, his

heirs, executors and administrators, not to carry on, conduct, manage or oper-
ate any business as funeral director and embalmer within a distance of ten
miles from any point in the Borough of Wilmerding aforesaid, this restriction
to extend for the term of ten years next ensuing."

3. On Dec. 24, 1923, the defendant entered the employ of George L. Bag-
nall, a funeral director in the Borough of Wilmerding, whose place of business
was about one square distant from that of the plaintiff, which he had pur-
chased from the defendant. On Dec. 27th, three days after his employment,
Bagnall published in the Wilmerding News-Tribune the following advertise-
ment: "W. J. Morrow, formerly in business on Airbrake Avenue, is now with
G. L. Bagnall, funeral director, Wilmerding, Pa." That advertisement was
shown by Bagnall to the defendant and he made no objection to its insertion
or the continuance of such advertisement, and he made no examination of
subsequent issues of this paper to ascertain if the advertisement was con-
tinued. The advertisement was continued for some weeks, and as late as
February of 1924, in a monthly publication published in East McKeesport,
Pa., an adjoining borough to Wilmerding, the advertisement was published.

4. The defendant is an undertaker and embalmer of many years' experience,
and in his employment with Bagnall he does any work in the business in the
actual conduct of funerals. He has nothing to do with the making of con-
tracts or purchase of material or the collection of accounts. He publicly
conducts funerals for Bagnall.

### Conclusions of law.

1. The defendant, W. J. Morrow, has violated his agreement with the plain-
tiff "not to carry on, conduct, manage or operate any business as funeral
director and embalmer within a distance of ten miles from any point in the
Borough of Wilmerding aforesaid, this restriction to extend for a term of
ten years next ensuing," by engaging as an employee of George L. Bagnall
and entering in that employ and assisting in the conduct of the business of
Bagnall. The defendant, W. J. Morrow, should be enjoined from further con-
tinuing in the employ of George L. Bagnall.

### Discussion.

In the language of the article of agreement, Morrow does not specifically
covenant not to enter into the employ of another funeral director, but he does
agree not to conduct, operate or carry on any business. Now, one can carry on
a business; one can conduct a business, and, as has been said by our Supreme
Court in the case of Pittsburgh Stove and Range Co. v. Pennsylvania Stove
Co., 208 Pa. 37: It was not only the capital of the defendant that the plaintiff
sought to keep out of the business, but it was in view of his skill, his influence,
his personal capacity, not only to carry on, but to build up a business, that
the agreement was made. That the engagement of Morrow by Bagnall was
considered by both of them particularly advantageous in the building up of
Bagnall's business is shown by the advertisements which were immediately
put in the newspapers and which could be continued indefinitely in the news-
papers if the employment of Morrow by Bagnall can be sustained under that
agreement. Within three days after the employment of Morrow, Bagnall
inserts in a local newspaper the fact that "W. J. Morrow, formerly in business
in Wilmerding, is with George L. Bagnall, funeral director." Of course, it
was the fact that Morrow was with him that was used in order to get Mor-
row's friends and those who had dealt with him in the past.

It is true that in the case above quoted the defendant was the president of
the corporation with which he was employed. In speaking of the question

that there was no evidence that he was a stockholder, or whether the simple employment was sufficient to violate the contract, the Supreme Court says: "It is apparent, therefore, that it is immaterial, so far as it affects the appellee and its business, whether the appellant is an officer or stockholder of the company, or whether he is an employee, whose duties require him to assist in the manufacture and sale of the goods."

That applies aptly to this case. He conducts funerals, embalms bodies and does any of the work, except he makes no contracts, he collects no money, he sends out no bills, but he is a skillful undertaker and embalmer.

From William J. Aiken, Pittsburgh, Pa.